1830.

Badeau
v.
Rogers.

---

### BADEAU vs. ROGERS and SECORD.

The object of a bill of interpleader is to protect a complainant standing in the situation of an innocent stakeholder, and where a recovery against him by one claimant of the fund might not protect him against a recovery by another claimant.

It is not necessary to file a bill of interpleader where the holder of the fund is already a party to a suit in chancery, brought by one claimant against the other to settle the right to the funds in his hands.

In such a case the holder of the fund should apply by petition in that suit for leave to pay the fund into court to abide the event of the litigation between the other parties.

If a defendant permits a bill of interpleader to be taken as confessed against him, it is an admission that as to him the bill was properly filed, and that he has made an improper claim upon the fund.

The complainant is entitled to his costs out of the fund only in those cases where the bill of interpleader is necessarily and properly filed as against both defendants.

But if one of the defendants suffers the bill of interpleader to be taken as confessed against him, he will be personally charged with all the costs which have been produced in consequence of his unjust claim upon the fund.

THE complainant filed his bill in this cause in the nature of a bill of interpleader, to redeem a mortgage given by G. Underhill to D. Pelton, J. Bonnet and D. Rogers, junior, as executors of W. Henderson ; which mortgage was a lien on property which now belongs to the complainant. Pelton and Bonnet, two of the executors of Henderson, in 1823, assigned the mortgage to Secord. After their death, Rogers

May 4th.

filed a bill against Secord to set aside the assignment. Secord applied to the complainant in this cause to pay the mortgage, and offered to indemnify him against the claim of Rogers. The complainant declining to pay the money, Secord, filed a bill against him to foreclose the mortgage. Rogers afterwards amended his bill and made Badeau a party defendant therein. This bill was then filed; and in June, 1827, an order was made staying all proceedings in the other suits against the complainant, upon his paying into court the amount due on the mortgage with interest. The money was paid to the assistant register, and the bill in this cause was afterwards taken as confessed against the defendant Rogers. Secord put in his answer, insisting upon his right to the money, and that the complainant ought to pay the costs of the foreclosure suit which had been occasioned by his unreasonable refusal to pay over the money on the offer of a full indemnity.

*P. A. Jay,* for the complainant.

*W. Silliman,* for the defendant Secord.

*W. N. Dyckman,* for the defendant Rogers.

THE CHANCELLOR. : The object of a bill of interpleader is to protect the complainant where he stands in the situation of a stake holder, not knowing to whom to pay the money or to deliver the property in his hands; and where a recovery against him at the suit of one party might not be a protection against the claim made by the other. Such does not appear to have been the situation of the complainant at the time this bill was filed. All the present parties were then before the court in the suit commenced by Rogers in relation to the alleged fraud in the assignment; and the complainant and Secord were also before this court in the suit commenced by the latter for the foreclosure of the mortgage. Without reference to the offer to indemnify the complainant against the claim of Rogers, there was therefore no necessity for filing this bill. If the complainant had presented a petition to the court in those two suits, there can be no doubt

that the chancellor would have authorized him to pay the money into court, to abide the event of the litigation between Rogers and Secord, and would have stayed all further proceedings against him. (*Lowe* v. *Richardson*, 3 Mad. R. 277.) If Rogers had answered in this suit and claimed the money, and had insisted on these facts, I should have thought it my duty to dismiss this bill as unnessarily and improperly filed. But by suffering it to be taken as confessed, Rogers admits it to be properly filed as against him, and that he had made an unjust claim upon the fund. The complainant is therefore entitled to an injunction or order for a perpetual stay of proceedings on the part of Rogers against him, and to recover against the latter his costs in this suit to be taxed. Under the circumstances of this case, I do not think the complainant is entitled to claim his costs out of the fund in court. That belongs to Secord by the neglect of Rogers to appear and claim it in this suit; and I also think the complainant ought to pay Secord the costs in the suit brought to foreclose the mortgage which had been commenced previous to the time the bill in this cause was filed. On the receipt of those costs, Secord must cancel the mortgage on record. He will then be entitled to the fund in court; and Rogers must pay to him his costs in this suit to be taxed. On a bill of interpleader rightfully and necessarily filed, the complainant is entitled to his costs out of the fund which is the subject of the suit; and he is not obliged to take his chance of getting them from the defendant against whose claim the court eventually decides. But the circumstances of this case do not bring it within the reasons on which that rule is founded.