BLAIR and HUNT *vs.* PORTER and others.

A bill of interpleader will not be sustained unless there is a well founded apprehension of danger from conflicting claims to the fund in dispute.
Under the circumstances of this case the bill was retained, but no costs allowed out of the fund.

*Shipman* and *Depue*, for complainants.

*Annin*, for defendants.

THE CHANCELLOR. In March, 1856, Blair and Hunt, the complainants, were indebted to William Burger, of the city of New York, in the sum of $221.48, the debt maturing on the 13th of August of that year.

On the 9th of April, 1856, the debt was attached in the hands of Blair and Hunt by virtue of a writ of attachment issued out of the Supreme Court of this state, at the suit of Charles S. Brown, against Burger, as a nonresident debtor. On the 16th of March, 1857, judgment final was rendered in the attachment suit in favor of Brown against Burger for $1564.61 of damages, besides costs of suit, which judgment remains in full force unsatisfied of record. On the 12th of April, 1856, three days after the service of the attachment, Burger made a general assignment of all his property to L. D. Fredericks for the benefit of his creditors, and on the 26th of April the assignee claimed the debt due from Blair and Hunt by virtue of the assignment, and demanded payment thereof on its maturity.

On the 31st of March, 1856, prior to the service or issuing of the writ of attachment at the suit of Brown, Burger, for a valuable consideration, assigned all his right and interest in the account against Blair and Hunt to James L. Porter, by virtue of which assignment the equitable interest in the debt passed to the assignee.

There were thus three distinct claimants for the debt due

from Blair and Hunt to Burger, *viz.* Brown, the attaching creditor, Fredericks, the general assignee, and Porter, the special assignee, all of whom presented their claims to the debtors before the debt became due.

On the 24th of September, 1856, Fredericks, the general assignee of Burger, wrote to Blair and Hunt, on behalf of Porter, the special assignee, as his attorney, claiming the debt, with interest, as due to Porter, and asking whether it would be paid without suit. This letter, though it contains no disclaimer of his right to the debt under the general assignment made to him by Burger, appears to have been regarded as a virtual abandonment of that claim. It was certainly groundless, as the assignment was made subsequent to the levy of the writ of attachment. Fredericks was therefore not made a party to the suit. The bill of interpleader was filed against Burger, the original debtor, Brown, the attaching creditor, and Porter, the special assignee. Burger has answered, and disclaimed all interest in the debt. Porter, by his answer, claims the debt by virtue of the assignment from Burger and also by virtue of a compromise between himself and Brown, the attaching creditor, by which it was agreed that the attorney of the plaintiff in attachment should act as the attorney of both parties, collect the claim, and pay the claimants their respective portions, according to the terms of the compromise. The existence of this agreement is fully proved. Brown, the attaching creditor, has not answered. As to him, the bill has been or may be taken as confessed. So far as the rights of the parties before this court are concerned, this is an admission, on his part, that his claim was unfounded, and that he has no right to the fund. *Badeau* v. *Rogers*, 2 *Paige* 209; 3 *Daniell* 1763.

Upon this state of facts there is no dispute whatever between the defendants as to the right to the fund in question. Porter is clearly entitled to it.

The only question in the cause is, was the bill properly filed.

It is evident that prior to the compromise between Brown and Porter there were conflicting claims to the debt, and the correspondence of the debtors evinces an entire willingness to pay the amount due to the claimant entitled to receive it. Subsequent to the compromise between the claimants, on application for payment, the existence of the debt was denied, and thereupon a suit was commenced in the name of Burger, the original creditor, to the use of Porter for its recovery. To this suit Blair and Hunt appeared, and negotiations were entered into between the respective attorneys for a settlement. The negotiation was broken off in consequence of a misunderstanding or disagreement between the attorneys, and thereupon this bill was filed for an injunction to restrain the suit at law and for the parties to interplead. It is apparent, from the evidence, that there was no question in regard to the party entitled to the money. The real difficulty was whether Blair and Hunt were liable for interest upon the debt and for costs of suit. It was in fact agreed to submit these questions to the decision of the Supreme Court, and the negotiation was broken off upon a disagreement in relation to the state of the case. An indemnity was indeed asked for, but receipts were offered, and the evidence warrants the belief that the fact of the compromise and the right of the attorney to give receipts which would operate as a perfect indemnity were fully understood. Under these circumstances the filing of the bill was unnecessary. No injunction was needed to restrain the suit at law. The existence of the attachment was a perfect defence at law to that action. 1 *Chitty's Pl.* 513, 521, 524. The defendants were exposed to no hazard of being subjected to damages, interest, or costs. Nor would it seem that there could have been any well founded apprehension of danger from conflicting claims to the fund. The attorney of the plaintiff was in fact the attorney of all the parties, and if his receipt was not satisfactory it is obvious that proper indemnity would have been

z*

given. Under these circumstances, aside from all technical objections (which are waived by the nature of the pleadings), the bill, perhaps, in strictness should be dismissed.

Yet it is obvious that such disposition of the case would be prejudicial to the interests of both parties and would defeat the ends of justice. There is in reality no ground of dispute between the parties. The existence of the debt is admitted. The principal due is voluntarily brought into court by the complainants. No interest can be recovered upon it. The fund has been locked up in the hands of the debtors from the time it became due by writ of foreign attachment. A garnishee is not liable for interest on the amount attached while he is *bona fide* restrained from payment by the legal operation of a foreign attachment. *Fitzgerald* v. *Caldwell*, 2 *Dall.* 215 ; *Prescott* v. *Parker*, 4 *Mass.* 170 ; *Sellick* v. *French*, 1 *Am. Lead. Cases* 527, *note.*

Upon the case made before the court Porter is unquestionably entitled to the money. The fund is in court and under its control. All the necessary parties are before the court. Their rights may be definitely settled and fully protected by a final decree.

The effect of dismissing the bill would be to leave the parties, after five years of fruitless controversy, with nothing settled but liability for costs, to commence litigation anew.

The bill will be retained, but without the usual allowance to the complainant of costs out of the funds—*that,* under the circumstances, would be inequitable. The fund will be decreed to be paid to Porter. Under the circumstances, there is no propriety in the parties actually interpleading and no necessity for a reference.