## HENRY D. COGSWELL

### *v.*

## WILLIAM ARMSTRONG *et al.*

1. INTERPLEADER—*nature of the bill.* A bill of interpleader is ordinarily exhibited where two or more persons claim the same debt, duty or other thing, from the plaintiff, by different or separate interests, and he, not knowing to which it ought to be rendered, fears he may suffer injury from their conflicting claims, and therefore prays that they may be compelled to interplead and state their several claims, so that the court may adjudge to whom the debt, duty or other thing belongs.

2. SAME—*party filing can not contest the right to the fund he brings into court.* Where a party owes a debt, or has a fund in his hands, and files a bill of interpleader against different claimants of the same, he will have no right to enter into a contest for a portion of the fund, as belonging to himself.

3. SAME—*effect of default.* Where a bill of interpleader is filed against two claimants of the same debt, which the plaintiff owes, and one of the defendants fails to interplead and set up his claim, but is defaulted, the default will amount to a confession that he has no claim to the money, and the party filing the bill will have no right to dispute the claim of the other party who interpleads and sets up his claim to it, or to object to a decree in his favor.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. McNULTA & ALDRICH, for the appellant.

Messrs. WILLIAMS, BURR & CAPEN, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill of interpleader, filed by Henry D. Cogswell, in the circuit court of McLean county, against William Armstrong, S. M. Murphy, James Walsh, Geo. R. Brooks, and Charles H. Kellogg.

The only question presented by the record is, whether the decree of the circuit court was proper, under the facts, which are undisputed, and in substance as follows:

On the 18th day of August, 1869, Cogswell, appellant, purchased of Armstrong, one of appellees, a tract of land in McLean county, and gave in payment his three promissory notes of $400 each, due in one, two and three years, with ten per cent interest, and a mortgage upon the land to secure their payment. When the first note became due, it was paid, and also $40 was paid on each of the other notes, which was credited thereon.

Before the second note became due, Armstrong became indebted to S. M. Murphy & Co. in the sum of $706, and gave them his note for the amount, and, in order to secure the payment of the note, he transferred the two notes which he had obtained of appellant.

In 1871, S. M. Murphy & Co. obtained a judgment against Armstrong, on his note, for over $800, upon which execution was issued, and $430 was collected from Armstrong. Appellant paid to the attorneys of S. M. Murphy & Co. $440, which was indorsed on the last note due. This, together with the $430 collected of Armstrong upon execution, paid the judgment Murphy & Co. obtained against Armstrong, and left a balance of some $45 in their hands.

After Armstrong had transferred the notes, and a short time after the second note became due, appellant, not knowing of the transfer, paid Armstrong, and took his receipts, the sum of $400, which was to be credited upon the second note. Prior to this, however, Armstrong being indebted to Walsh, Brooks & Kellogg, they instituted an action by attachment, before a justice of the peace in Hamilton county, Ohio, where they resided, and the firm of S. M. Murphy & Co. were summoned to answer as garnishees. They appeared and answered, and the cause proceeded to judgment against Armstrong, and a judgment was also rendered against the garnishees for the surplus of the Cogswell notes in excess of the amount due from Armstrong to S. M. Murphy & Co., which was about $250.

In 1872, Armstrong sued appellant before a justice of the

peace.    Appellant, however, upon trial, obtained a judgment against Armstrong for $72.

The bill alleges that there is still a balance due from appellant upon the notes after he is allowed the $400 which was paid to Armstrong; that Murphy & Co.. and Walsh. Brooks & Kellogg claim an interest in the notes, and have notified appellant not to pay the balance to Armstrong, and that Armstrong has ordered him not to pay it to them.

The object of the bill is, to have it determined to whom the balance shall be paid, to obtain the possession of the notes given to Armstrong, and appellant also seeks an allowance, against the amount remaining due upon the notes, of the judgment of $72 and interest which he obtained against Armstrong.

Armstrong did not appear, and a default was entered as to him.    He is therefore in no position to insist upon the money, nor can appellant, for him.    His default amounts to a confession that he has no claim to the money.    *Badne* v. *Rogers*, 2 Paige, 209.

The only other question necessary to be considered, is, whether appellant was entitled to be allowed the judgment of $72 he held against Armstrong, and upon this question there can be no doubt, when the rules of law that control a bill of this character are properly understood.    A bill of interpleader is ordinarily exhibited where two or more persons claim the same debt, or duty, or other thing, from the plaintiff by different or separate interests, and he, not knowing to which of the claimants he ought, of right, to render the same debt, duty or other thing. fears that he may suffer injury from their conflicting claims, and therefore prays that they may be compelled to interplead and state their several claims, so that the court may adjudge to whom the same debt, duty or other thing belongs.    Story's Equity Pleading, sec. 291.

In *Haggart* v. *Cutts*, 1 Craig & Phillips, 204, Lord Cottenham said:    "The definition of 'interpleader' is not and can not now be disputed.    It is where the plaintiff says, 'I

have a fund in my possession, in which I claim no personal interest, and to which you, the defendants. set up conflicting claims; pay me my costs. and I will bring the fund into court, and you shall contest it between yourselves.'"

In this case, one of the defendants did not contest the right to the money. The other defendants appeared and insisted upon the payment of the money to them. The complainant, however, who could only file his bill and have it determined which of the defendants claiming the fund was entitled to it, is urging that a portion of the fund should go to him. We are aware of no authority which would sanction the right of appellant to enter into the contest for a portion of the fund.

It is, however, insisted by appellant that appellees, S. M. Murphy & Co., are not entitled to be allowed the amount of the garnishee judgment, for the reason that James Walsh was a member of that firm, and was also a member of the firm of Walsh, Brooks & Kellogg, who obtained the judgment, and hence was both plaintiff and defendant.

The judgment may not be regular, and, perhaps, had a defense been interposed before the justice, a judgment might have been defeated; but, as appears from the evidence, the justice of the peace had jurisdiction of the subject matter and of the person, and although the judgment may be irregular, yet the irregularities can not be inquired into collaterally by appellant, who is an utter stranger to the transaction.

The decree of the circuit court finds a balance of $177 in appellant's hands. This is ordered to be paid to S. M. Murphy & Co., and they are ordered to surrender appellant his notes, and to cancel the mortgage.

In this we perceive no error. Appellant has received the benefit of all the money he paid on his notes to S. M. Murphy & Co., as well as the amount he paid to Armstrong, and he has no equitable ground for relief.

The decree of the circuit court will be affirmed.

*Decree affirmed.*