## Frederick A. Rauch et al. v. Fort Dearborn National Bank of Chicago.

### Gen. No. 12,169.

1. INTERPLEADER—*when decree in action of, final for purposes of appeal.*  Where the decree entered pursuant to a bill of interpleader adjudges that such bill was properly filed, dismisses the complainant out of court with its costs as having no further interest in the controversy and adjudges that the bill be taken as confessed as to certain defendants, it is as to the complainant and such defendants final and appealable.

2. INTERPLEADER—*when bill of, lies.*  A bank holding money upon which it makes no claim, but which is claimed by several parties, any of whom may litigate with respect thereto, may properly file and maintain a bill of interpleader.

3. INTERPLEADER—*effect of allowing bill of, to be taken as confessed.*  Where a defendant to a bill of interpleader permits the same to be taken as confessed against him, he thereby admits that he has no interest in the fund in controversy.

4. ERROR—*what party cannot complain of.*  A party cannot complain of errors which do not affect him, but which solely concern the interests of another party.

Bill of interpleader. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed January 30, 1906.

**Statement by the Court.**  This is an appeal from a decree of the Superior Court in an interpleader case.  Appellants were made parties to the bill and filed a general demurrer thereto.  The court overruled the demurrer and appellants electing to stand by their demurrer the bill was taken as confessed by them and the court entered a decree giving appellee the relief sought by its bill.

According to the bill appellants were copartners doing business under the firm name of F. A. Rauch & Co. in the city of Chicago, and for several years had in their employ as a salesman and collector of their accounts one W. Bugen-

17

hagen. At various dates between June 12, 1902, and February 11, 1903, Bugenhagen received as collector for appellants eight checks, amounting in the aggregate to the sum of $577.70, all payable to the order of appellants' firm for various amounts drawn respectively on the First National Bank, The Bankers National Bank, Union Trust Company and Milwaukee Avenue State Bank. Bugenhagen took these checks to Charles Rein, a saloon keeper, and having endorsed upon the checks, "F. A. Rauch & Co., W. Bugenhagen," received the money on the checks from Rein. During this period Rein kept a deposit account with appellee and deposited the checks with appellee for collection and credit to his account and appellee received them relying upon the endorsements of Rein. The checks were credited, conditionally and subject to the agreement that if they should not prove good the amounts thereof should be charged back to Rein, and they were endorsed by appellee and collected in the usual course of business through the Chicago Clearing House. About April 10, 1903, appellee was informed by the said banks that appellants claimed that the endorsements of their name upon the checks were forgeries or were unauthorized and a claim was made upon appellee to repay to said banks respectively the amounts paid to appellee by them respectively upon the checks, and thereupon appellee charged back to said Rein the amounts for which it had given him credit on account of the deposits of the checks and notified Rein of such action. Rein denied the right of appellee to charge back against his account the several amounts.

Appellants on April 27, 1903, brought suits against the First National Bank, The Bankers National Bank, Union Trust Co. and the Milwaukee Avenue State Bank on the checks, and on May 1, 1903, appellee was notified by the said banks of the suits against them and was required to defend the suits and to pay any judgments that might be rendered against the banks respectively on account of said checks.

On May 25, 1903, appellee notified Rein of the bringing of said suits and that the eight checks deposited by him

Rauch v. Ft. Dearborn National Bank.

were involved therein and of the notice served upon appellee by the banks, and requested Rein to defend the suits and Rein declined to be responsible for any of the suits in any way. Rein and his attorney threatened repeatedly to sue appellee for the amount of the eight checks so charged against his account, claiming that the endorsements of the checks were not forged but that the endorsements were authorized by appellants.

Appellee disclaims any right to the $577.70, the proceeds of the checks, and says it is ready and willing to pay the money to the parties entitled thereto, and makes appellants and the banks and Rein parties defendant to the bill and offers to pay the money into court, and prays that the defendants interplead, and for an injunction restraining the prosecution of the suits, etc. The bill is duly verified.

HENRY W. PROUTY, for appellants.

MUSGRAVE, VROMAN & LEE, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

A motion was made by appellee and reserved to the hearing, to dismiss this appeal upon the ground that the decree appealed from is interlocutory, and that the abstracts and briefs of appellants were not filed in accordance with the statute and rules of court governing appeals from interlocutory orders and decrees.

From authorities cited in support of the motion decrees of interpleader such as was entered in this case seem to be regarded in Maryland and other jurisdictions as interlocutory. But we regard it as settled in this State in Morrill v. Manhattan Life Ins. Co., 183 Ill., 260, and Platte Valley Bank v. National Live Stock Bank, 155 Ill., 250, that decrees of interpleader of the character of the decree in this case are so far final that appeals may be prosecuted from them in the same manner as from final decrees. In Cogswell v. Armstrong, 77 Ill., 139, it was held that where a party has a fund in his hands and files a bill of interpleader against

two or more claimants of the fund, he will have no right to enter into a contest for a portion of the fund as belonging to himself; and in such a bill if one of the defendants fails to interplead and set up his claim to the fund but is defaulted, the default will amount to a confession that he has no claim to the money, citing Badeau v. Rogers, 2 Paige, 209. The decree in this case adjudges that the bill of interpleader was properly filed, dismisses the complainant, appellee, out of court with its costs as having no further interest in the controversy, and adjudges that the bill be taken as confessed as to appellants. It is therefore a final decree as to appellants and as to appellee, Fort Dearborn National Bank, regarding the fund in controversy. The motion to dismiss the appeal therefore must be denied.

It is contended by appellants that the court erred in overruling their demurrer to the bill. We do not agree with this contention. According to the averments of the bill Rein claimed the whole fund brought into court by appellee. Appellants likewise claimed the whole fund. The several banks, defendants, also claim portions of the money. Appellants could maintain an action for the money against appellee, Fort Dearborn National Bank, if their theory of the case be true in fact. First National Bank v. Pease, 168 Ill., 40; Talbot v. Bank of Rochester, 1 Hill, 295; Buckley v. The Second National Bank, 35 N. J. L., 400; Shaffer v. McKee, 19 Ohio, 526; 1 Morse on Banking (4th Ed.), Sec. 248. If the endorsements of the checks were authorized by appellants, Rein can maintain an action against the bank for the money, for the bank would have no right, on that theory, to charge the amounts of the checks back to Rein. And so upon the theory that the endorsements were unauthorized or forgeries each of the banks named as defendants in the bill might sue the Fort Dearborn National Bank for the amounts collected from them respectively upon the faith of the endorsements.

We think, therefore, that the facts set out in the bill disclose a situation in which a bill of interpleader may be filed properly and that appellants' demurrer was properly over-

ruled. Pomeroy's Equity Jurisprudence, vol. 3, sec. 1220; Platte Valley Bank v. National Live Stock Bank, 155 Ill., 250; Crane v. McDonald, 118 N. Y., 648.

This disposes of all questions argued by appellants which they are entitled to raise or complain of on this record. They have urged in their briefs that the court erred in entering the decree without having acquired jurisdiction over the defendant Charles Rein. That is a question in which appellants have no interest. As we have seen, appellants, by failing to interplead and suffering the bill to be taken as confessed against them, have confessed on the record that they have no interest in the fund. Cogswell v. Armstrong *supra.* Having no interest in the fund they cannot complain of errors in the proceedings as to Rein. That is Rein's concern, not appellants'. Rein has assigned no cross errors upon the record and is making no complaint here. Until he or some other person interested in the fund brings that question before the court it is not here for our decision and we now express no opinion upon the point.

For the same reasons appellants cannot raise any question as to the allowance of solicitors' fees to complainant's solicitors out of the fund, or as to the sufficiency of the findings of the decree. The decree is affirmed.

*Affirmed.*