FREDERICK A. RAUCH *et al.*

*v.*

THE FORT DEARBORN NATIONAL BANK OF CHICAGO.

*Opinion filed October 23, 1906—Rehearing denied Dec. 6, 1906.*

1. INTERPLEADER—*bill must show that defendants are claiming same thing.* The first requisite of a bill of interpleader is that it must show that the defendants are claiming the same debt, duty or thing from the complainant.

2. SAME—*interpleader cannot be maintained if complainant is a tort feasor as to one of defendants.* A bill of interpleader cannot be maintained where it appears that the complainant is a tort feasor as to either of the defendants.

3. SAME—*when equity cannot compel the abandonment of a suit.* Where a person has a cause of action against one party upon a contract and against another for a tort, and the satisfaction of a judgment against either upon the cause of action against him would

be a bar to the enforcement of the cause of action against the other, a court of equity has no power to compel such person to abandon his suit against the party liable on the contract and compel him to proceed against the one liable for the tort.

4. SAME—*when a bank cannot maintain a bill of interpleader.* A bank which has credited to a depositor's account checks drawn upon other banks which the depositor had cashed for the collector of the payee of the checks, cannot, when the payee, upon the theory that the endorsement of its name was forged, seeks to recover in actions *ex contractu* against the drawee banks, who in turn notify the former bank to defend the suits, maintain a bill of interpleader to compel its depositor, who claims the right to credit on the checks, the drawee banks and the payee of the checks to implead and adjust their demands among themselves, to restrain the payee from further prosecuting its suit against the payee banks, and to restrain the depositor from bringing any action against the complainant for the amount of the checks or credits.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding,

Frederick A. Rauch and George L. Lamping, the appellants, were, on and subsequent to June 11, 1902, engaged in business in the city of Chicago under the firm name of F. A. Rauch & Co., and had in their employ, as a collector of their accounts, one W. Bugenhagen. In the course of his employment, between June 11, 1902, and February 3, 1903, Bugenhagen received from different persons eight checks drawn on banks in the city of Chicago, payable to the order of F. A. Rauch & Co. He endorsed the name of said firm and his own name upon these checks and took them to Charles Rein, a saloon-keeper, who cashed them for him.

For some time prior thereto Rein had kept a general deposit account with the Fort Dearborn National Bank of Chicago, the appellee. He endorsed these checks and deposited them with the appellee, who received them without

knowledge as to the genuineness of the endorsements of F. A. Rauch & Co. and W. Bugenhagen, but relying on the endorsements of Rein, and credited them to Rein's general deposit account, subject to an agreement that if the checks should not prove good the amounts thereof should be charged back against Rein's deposit account. None of these checks were drawn upon the appellee bank. Upon receiving them from Rein, appellee endorsed them, presented them for payment through the Chicago clearing house in the usual course of business, and obtained the money upon the checks from the drawee banks. Two of these checks were drawn upon the First National Bank of Chicago, two upon the Milwaukee Avenue State Bank, two upon the Union Trust Company and two upon the Bankers National Bank of Chicago.

On April 10, 1903, the drawee banks notified appellee that F. A. Rauch & Co. claimed that the endorsements of the firm name upon the eight checks were forgeries or were unauthorized, and demanded from appellee the re-payment of the amounts paid to it upon the checks. Appellee thereupon on that date charged back against Rein's deposit account the amounts for which Rein had been given credit on account of the deposit of the checks and notified Rein of such action. Rein denied that the endorsements of the firm name upon the checks were forgeries or were unauthorized, and denied the right of appellee to charge back the amount of the checks against his deposit account.

On April 27, 1903, appellants brought four suits at law, in the superior court of Cook county, against the drawee banks above named, respectively, upon checks aggregating one hundred and twenty-five in number, drawn upon those banks by depositors, payable to the order of F. A. Rauch & Co., it being claimed by the plaintiffs in those suits that the endorsements of the firm name upon the checks there involved were forgeries. Among the checks on which the four suits are based are the eight checks above mentioned,

which were deposited by Rein with appellee and by it collected from the drawee banks through the Chicago clearing house. On May 1, 1903, the drawee banks notified appellee that said suits had been brought against them, respectively; that it was therein claimed that the endorsements of the name of F. A. Rauch & Co. upon the checks which had been paid by said banks to appellee were forged or unauthorized, and that appellee would be required to defend said suits and to pay any judgments that might be rendered against said banks on account of the checks last above mentioned. On May 25, 1903, appellee notified Rein of the bringing of said four suits, and that the eight checks endorsed by him and deposited with appellee were involved therein, and that it was claimed that the endorsements of the name of F. A. Rauch & Co. were forgeries; that appellee had been notified by the drawee banks to defend said suits, and appellee requested Rein to defend said suits in so far as said eight checks were concerned and hold appellee harmless from any judgments entered therein and costs of litigation. On May 27, 1903, Rein sent appellee a letter stating, in substance, that he would not look after any of the suits referred to in appellee's notice to him nor would he pay to appellee any of the expenses incurred in connection therewith; that he was not in any way responsible for any of those suits, as appellee well knew; that F. A. Rauch & Co. were paid the money on every check he had cashed, and therefore could not by any possibility recover on any one of them. He also contended in this letter that appellee had no right whatever to deduct any sum from his account, as it had done.

On October 28, 1903, appellee filed a bill of interpleader in the superior court of Cook county setting up the above facts, and making Frederick A. Rauch and George L. Lamping, co-partners doing business under the name of F. A. Rauch & Co., the First National Bank of Chicago, Milwaukee Avenue State Bank, Union Trust Company, the

Bankers National Bank of Chicago and Charles Rein defendants thereto. The bill alleges that Rein and his attorney have frequently threatened to sue complainant for the amount of the eight checks charged against his account, and that complainant believes that Rein, unless restrained from so doing, will carry out his threats and bring suit against complainant for the amount of said checks. The bill further alleges that complainant is advised that if F. A. Rauch & Co. shall recover judgments against said drawee banks for the amount of said eight checks, on proof that the endorsements of the firm name thereon were forged or unauthorized, and said banks shall be compelled to pay such judgments, then said banks have recourse against complainant and can compel it to pay the amounts of said checks; that Rein and said Bugenhagen claim that said endorsements were not forged but were authorized by F. A. Rauch & Co., or if not, that the money collected on said checks was accounted for by Bugenhagen to said firm, and that said firm has no cause of action on said checks, but complainant states that such facts are denied by F. A. Rauch & Co. The bill avers that complainant asserts no right whatever to the amount or credit, the proceeds of the checks claimed by Rein and by F. A. Rauch & Co., but is, and always has been, ready and willing to pay the same to the party or parties entitled thereto, and now offers to bring said amount into court as the court shall direct. Then follow the usual allegations that complainant does not collude with any of the defendants, but exhibits its bill because it is uncertain to whom said fund or credit belongs, and to avoid multiplicity of suits and the danger of being compelled to pay said fund or credit twice.

The prayer is that the defendants be required to answer the bill and severally set forth to which of them said credit, or any part thereof, rightfully belongs and how in particular they make their claim thereto; that they may be impleaded to adjust their demands among themselves; that complain-

ant be at liberty to pay said sum into court for the benefit of the defendants as they shall appear entitled thereto; that Rein be restrained from bringing any action against complainant for the amount of said checks or credit; that Frederick A. Rauch and George L. Lamping may be restrained from prosecuting their said suits against the defendant banks in so far as such actions are based upon said eight checks, and that by paying said money into court complainant may be absolved from any further liability to any of said defendants, and may be paid out of said funds its costs and reasonable solicitor's fees in this proceeding. The bill is sworn to by the cashier of the Fort Dearborn National Bank of Chicago.

The defendants, Frederick A. Rauch and George L. Lamping, interposed a demurrer to the bill, assigning as cause for such demurrer that the complainant has not, by its bill, shown any right whatever to compel the two defendants last named to interplead with the other defendants to the bill.

On November 29, 1904, appellants' demurrer was overruled. They elected to abide by their demurrer, and failing to answer, the bill was taken as confessed against them, and it was ordered that the defendants to the bill interplead and settle the matters in controversy between themselves; that complainant be dismissed with its costs of suit to be taxed by the clerk, together with $75 solicitor's fees, to be paid out of the fund brought into court. Injunctions were awarded as prayed for in the bill.

Frederick A. Rauch and George L. Lamping appealed from said decree to the Appellate Court for the First District, where the judgment of the superior court was affirmed, and they now bring the record to this court for review.

HENRY W. PROUTY, for appellants:

The averments of the bill are insufficient because they do not show that the same debt is claimed by both or all the

parties against whom the relief is demanded. 3 Pomeroy's Eq. Jur. (2d ed.) sec. 1322; *Bank* v. *Bank,* 155 Ill. 250; *Morrill* v. *Insurance Co.* 183 id. 260.

The relation between a bank and a general depositor is now that of debtor and creditor. 3 Am. & Eng. Ency. of Law, (2d ed.) 826; *Woodhouse* v. *Crandall,* 197 Ill. 104; *Accident Ass.* v. *Jacobs,* 141 id. 261; *Wetherell* v. *O'Brien,* 140 id. 146; *Otis* v. *Cross,* 96 id. 612.

The funds claimed by appellants and the debt claimed by Rein lack identity. *Ryan* v. *Lamson,* 153 Ill. 520; *Newhall* v. *Kastens,* 70 id. 156.

A wrongdoer cannot maintain a bill of interpleader. 11 Ency. of Pl. & Pr. 457; Puterbaugh's Ch. Pl. & Pr. (5th ed.) 285; Maclennan on Interpleader, 60, 61; *Slingsby* v. *Boulton,* 1 V. & B. 334; *Quinn* v. *Green,* 1 Ired. Eq. 229; *United States* v. *Vieter,* 16 Abb. Pr. 153.

One cannot call upon others to interplead who by his own act is placed in a situation to be sued. *Bank* v. *Bank,* 152 Ill. 296; Maclennan on Interpleader, 60, 61, 63; *Belcher* v. *Smith,* 9 Bing. 82; *Conley* v. *Insurance Co.* 67 Ala. 472; *Chicago Edison Co.* v. *Fay,* 164 Ill. 323; *Kyle* v. *Coal Co.* 112 Ala. 606.

A bill of interpleader does not lie where the complainant shows that he is fully advised of the grounds of the different claims and his liability thereunder. *Morgan* v. *Fillmore,* 18 Abb. Pr. 217; *Shaw* v. *Coster,* 8 Paige's Ch. 339; *Bassett* v. *Leslie,* 123 N. Y. 396.

MUSGRAVE, VROMAN & LEE, for appellee:

There is privity between appellants and appellee as to the fund or credit in question. Appellants, on their theory of the facts, may maintain an action for money had and received against appellee. *Talbot* v. *Bank,* 1 Hill, 295; *Buckley* v. *Bank,* 35 N. J. L. 400; *Shafer* v. *McKee,* 19 Ohio St. 526; *Dodge* v. *Bank,* 20 id. 234; *White* v. *Bank,* 4 Daly,

223; *Johnson* v. *Bank,* 6 Hun, 124; *Bank* v. *Pease,* 168 Ill. 40; 1 Morse on Banks and Banking, (4th ed.) sec. 248.

Any doubt as to the right to maintain a bill of inter-pleader will be resolved in favor of complainant. *Supreme Commandery* v. *Munick,* 163 Mass. 374.

Appellants, by failing to interplead and suffering the bill to be taken as confessed against them, have confessed on the record that they have no interest in the fund. *Cogswell* v. *Armstrong,* 77 Ill. 139; *Badeau* v. *Rogers,* 2 Paige, 209; *Plaster Co.* v. *White,* 44 Mich. 30; *Blair* v. *Porter,* 13 N. J. Eq. 267.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

The principal question presented by the assignment of errors and argument of counsel in this case is whether the superior court erred in overruling appellants' demurrer to the bill of interpleader.

The first requisite of a bill of interpleader is, that it must show that the defendants are claiming the same debt, duty or thing from the complainant. (*Cogswell* v. *Armstrong,* 77 Ill. 139; *Platte Valley Bank* v. *National Live Stock Bank,* 155 id. 250; *Morrill* v. *Manhattan Life Ins. Co.* 183 id. 260.) Appellants contend that the bill in this case is fatally defective because it does not show that they are claiming the same debt or duty that is claimed by Rein or the drawee banks. It is therefore necessary to determine what is claimed by the respective defendants to the bill.

Under Rein's contention that the endorsements on the checks were authorized or ratified by Rauch & Co. appellee occupies the position of debtor towards Rein, (*Woodhouse* v. *Crandall,* 197 Ill. 104,) and Rein is claiming a debt from appellee which was created by depositing the checks and receiving credit therefor upon his deposit account. Under appellants' contention that the endorsements were forged, the drawee banks stand in the relation of debtors to appel-

lants, (*Munn* v. *Burch,* 25 Ill. 35; *Gage Hotel Co.* v. *Union Nat. Bank,* 171 id. 531;) and appellants are claiming debts from the drawee banks which were created by a demand for the payment of checks drawn by depositors of those banks, payable to the order of appellants. The defendant banks are not claiming any debt from appellee, but a duty to defend the suits brought against them by appellants and a liability on the part of appellee to reimburse the defendant banks for such sums as they may be required to pay in satisfaction of judgments rendered in those suits on account of the eight checks in question.

The bill does not allege that appellants are asserting any claim whatever against appellee for any debt, duty or other thing. So far as appellants are concerned, appellee is a perfect stranger to the transaction through which appellants claim the debts against the drawee banks, and the fact that the drawee banks, relying upon the endorsements of appellee's name on the checks, have paid over to appellee the money called for by those checks and are preparing to enforce the liability against appellee upon those endorsements in case recovery is had upon the checks in the suits brought against them does not change the nature of appellants' demand against the drawee banks, nor substitute the liability of appellee for that of the drawee banks upon the debts claimed by appellants. *First Nat. Bank* v. *Pease,* 168 Ill. 40.

It is therefore apparent that appellants are not claiming the same debt, duty or other thing that is claimed by Rein or by the drawee banks, and the bill is in this respect fatally defective as a bill of interpleader.

Appellee urges, however, that the bill can be maintained upon the theory that the appellants have a cause of action against it if the endorsements of the firm name on the checks were forged. Any right of action that appellants may have against appellee arises from the fact, if it be a fact, that they never transferred the title to the checks to any one, and

when appellee surrendered the checks to the drawee banks and received the proceeds thereof the transaction was an unlawful conversion of appellants' property, for which they might maintain an action of trover against the appellee, or might waive the tort and bring suit in assumpsit for money had and received for their use. *Talbot* v. *Bank of Rochester*, 1 Hill, (N. Y.) 295; *Robinson* v. *Chemical Nat. Bank*, 86 N. Y. 404.

Manifestly, when one person is claiming a debt arising out of contract and another damages arising out of a tort, both are not claiming the same debt, duty or thing. Thus, in Willard's Equity Jurisprudence, 318, it is said: "Suppose the vendee of goods should be sued by the vendor for the price and by a third person claiming a right paramount to that of the vendor. Here it is obvious that a bill of interpleader will not lie, because one of the claimants merely seeks to enforce a contract and the other claims as for an unlawful conversion. (*Slaney* v. *Sidway*, 14 Mees. & Welsb. 800.) * * * On the same principle, where a party having purchased a rick of hay from an executor *de son tort* was threatened with a suit from the rightful administrator of the same estate and payment demanded, he was held not to be entitled to maintain a bill of interpleader or to have relief under the Interpleader act. As actual purchaser he was liable on his express contract unless he could defend the action. To the rightful administrator he was liable only in tort for the conversion. Though the property claimed was the same, the duty or obligation was different.—*James* v. *Pritchard*, 7 Mees. & Welsb. 216; *Glyne* v. *Duesbury*, 11 Sim. 139."

Moreover, the authorities seem to be uniform upon the proposition that a bill of interpleader cannot be sustained where the complainant is obliged to admit, or where it appears, that as to either of the defendants he is a tort feasor. 11 Ency. of Pl. & Pr. 457; Willard's Eq. Jur. 320; Beach on Modern Eq. Pr. sec. 143; 2 Daniell's Ch. Pr. (5th ed.)

1566; Maclennan on Interpleader, 60; *Conley* v. *Insurance Co.* 67 Ala. 472; *Mount Holly, etc. Co.* v. *Ferree,* 17 N. J. Eq. 117.

As hereinbefore stated, appellants are not making any claim against appellee. They have instituted suits against the drawee banks upon the checks, and seek to recover from them in actions *ex contractu* on the theory that the endorsements of their firm name upon the checks were forged or unauthorized. We are of the opinion that where a person has a cause of action against one upon a contract and against another for a tort, and the satisfaction of a judgment against either upon the cause of action against him would be a bar to the enforcement of the cause of action against the other, a court of equity is without power to compel such person to relinquish his claim and abandon his suit against the one liable upon the contract and require him to proceed against the one liable for the tort. This, in effect, is what appellee is attempting to accomplish in this suit. It is asking that appellants may be enjoined from prosecuting their suits against the drawee banks upon contracts and be compelled to litigate their right to recover against appellee for a tort.

In our judgment a bill of interpleader, for the reasons stated, cannot be maintained against appellants under the facts disclosed by the bill, and the demurrer should therefore have been sustained.

It is unnecessary to discuss the other errors assigned. The decree of the superior court and the judgment of the Appellate Court will be reversed and the cause will be remanded to the superior court, with directions to sustain appellants' demurrer to the bill of interpleader.

*Reversed and remanded, with directions.*