HAMILTON W. SHIPMAN, Plaintiff, *against* WILLIAM H. SCOTT, Respondent. THEODORE W. FRECH, substituted as Defendant, Appellant.

(Decided April 4th, 1887.)

In an action by a broker to recover commissions on a sale of defendant's property, defendant is entitled to an interpleader where another broker claims commissions for a sale to the same purchaser. The fact that the brokers induced such purchaser to enter into different contracts is immaterial, for if ·the contracts were inconsistent the

purchaser could not have followed both, and the determination of which contract was the one followed would determine which broker procured the sale, which is the question to be tried.

APPEAL from an order of the General Term of the City Court of New York affirming an order of interpleader made by that court.

The action was brought by plaintiff to recover broker's commission, amounting to $710, for negotiating a sale of a piece of real estate formerly owned by defendant. The defendant did not answer. In affidavits he admitted his liability to pay such amount, but averred that one T. W. Frech, another broker, claimed such commission for procuring such sale. An order of interpleader was thereupon granted, directing defendant to pay said sum into court, and substituting said Frech as defendant in the place of the defendant above named. From such order Frech appealed to the General Term of the City Court, by which it was affirmed; and from that decision Frech appealed to this court.

*John C. Shaw*, for appellant.

*William H. Scott*, respondent, in person.

LARREMORE, Ch. J. — The present case is not one where an owner of real estate, having employed two brokers, becomes liable for more than one commission because each broker has procured a separate purchaser. The only purchaser mentioned is Sarah J. Doying, to whom the property was actually sold, and each broker claims that he negotiated such sale. The General Term of the City Court, therefore, properly affirmed the order of interpleader on the ground that, as both brokers claimed to have been employed, the question to be tried was which one was the procuring cause (*Dreyer* v. *Rauch*, 3 Daly 434).

The present appeal is taken by the broker brought into this litigation through the order of interpleader; the plain-

Shipman *v.* Scott.

tiff, though he opposed the motion, seems to have acquiesced in the decision. Counsel for the appellant claims that in this case there is lacking one of the essential elements of a valid application for interpleader, because the court "requires two parties to contest a fund which neither one claims is the fund he is entitled to," or, in other words, because the two brokers do not claim the same thing. This contention is founded upon a real or supposed difference in the contract of sale, which each broker maintains he procured to be executed by the purchaser. It is argued that the appeal papers show that Shipman claims that he induced Mrs. Doying to sign a certain contract of sale, and that Frech claims that he induced her to sign a different one. An inspection of the contract as it is set forth in the affidavits of the respective brokers does not reveal any essential divergences, except the feature of procuring Mr. Shaw's guaranties, which appears in one and not in the other. A loan is mentioned in both, but only in one are the particulars of the loan given. These two contracts, or these two versions of the same contract, are in no respect inconsistent with each other. The only difference between them seems to be that one is fuller and more explicit than the other. But even if the contracts claimed to have been negotiated by the respective brokers were essentially different and inconsistent, it would not be an argument against granting an order of interpleader. The undisputed fact is that Sarah J. Doying purchased the premises in question. Each broker claims a commission for negotiating such sale. The court has directed that the brokers litigate between themselves the question which one was the procuring cause. If the contracts of sale claimed by each to have been negotiated are different agreements, then in determining which was the procuring cause, necessarily there will have to be determined which contract the purchaser as a matter of fact executed. If they are essentially different and inconsistent, she cannot have entered into both, and under the circumstances the determination which contract she became a party to and followed in making the purchase would, in

itself, be the determination of which broker was the pro-
curing cause.   This question, therefore, far from being
a legal objection to the order of interpleader, would, accord-
ing to appellant's own theory, be an additional reason for
making it, and would be the very matter of fact to be tried
between the plaintiff and the substituted defendant.

The order should be affirmed.

J. F. DALY and VAN HOESEN, JJ., concurred.

Order affirmed.