CHARLES A. MORRILL

*v.*

THE MANHATTAN LIFE INSURANCE COMPANY *et al.*

*Opinion filed December 18, 1899.*

1. INTERPLEADER—*when a bill of interpleader contains essential elements.* A bill of interpleader by an insurance company to determine who is entitled to insurance money contains the essential elements if it shows that the money is claimed by both defendants, who claim through the same source of title,—the company,—and that the company is disinterested and not independently liable.

2. EVIDENCE—*when answer of one defendant may be read against the other.* The answer of one defendant, to a bill of interpleader, which sets up a claim to the fund in dispute, may be read against the other defendant to sustain an allegation of the bill that the former claimed the fund, which allegation the latter denies in his answer and calls for strict proof.

3. SAME—*what allegations in bill of interpleader need not be proved.* Allegations in a bill of interpleader that complainant did not know to whom to pay the fund in dispute and had always been ready to pay it to the person entitled thereto do not require proof though denied by the answer of one of the defendants.

4. INSURANCE—*receipt of assignment of policy creates no independent liability.* A written receipt by an insurance company of assignments of policies does not amount to an acknowledgment of independent liability to the assignee which will prevent the company from interpleading where the fund is claimed by others.

*Morrill* v. *Manhattan Life Ins. Co.* 82 Ill. App. 410, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. H. V. FREEMAN, Judge, presiding.

September 29, 1897, the Manhattan Life Insurance Company, appellee, filed a bill of interpleader against appellant, and Anna Murdoch and J. W. McCulloch, appellees, alleging, in substance, the issuing by it of two life insurance policies, each for the sum of $2500, on the life of James R. Murdoch, for the benefit of Anna. M. Murdoch, his wife, her executors, administrators or assigns, the first policy numbered 63,523 and dated May 23, 1889, and the second one numbered 65,949 and dated November 8, 1889; that on May 30, 1897, James R. Murdoch died, and proper proofs of death were made and accepted by the complainants; that Charles A. Morrill claimed that at the time of James R. Murdoch's death he held, and still holds, an assignment of the proceeds of said policies executed by Anna M. Murdoch, as required by complainant's rules, and has instituted two suits on said policies in the circuit court of Cook county, one in the name of said Morrill, and the other in the name of Anna M. Murdoch for his use, which suits are pending and have been noticed for trial on the short-cause calendar; that July 2, 1897, appellees, McCulloch and Murdoch, made known and claimed, and still insist, that at the time of James R. Murdoch's death they were entitled to the entire proceeds of said policies, the former by reason of an assignment to him of a portion thereof, and the latter as beneficiary therein; that Morrill was not entitled to said proceeds; that they would resist all claims of his thereto; that they notified complainant not to pay the proceeds of said policies to said Morrill; and that the said Murdoch and McCulloch are still claiming said fund, and are threatening to bring suit against complainant on said policies; that complainant has now the sum of $5000, the proceeds of said policies, and has always been willing to pay said amount to the person lawfully entitled thereto, and offers to bring the same into court as the court shall direct.   Complainant denies all collusion, avers that the bill is exhibited of its own free will

to avoid vexation and harassment, and, because it does not know to which of said claimants said money should be paid, prays that the defendants may answer, but not under oath; that they may interplead, etc., and that Morrill may be restrained from proceeding in the said actions at law, and the other appellees from commencing actions at law, etc. Annexed to the bill is the usual affidavit denying collusion.

December 24, 1897, appellees Murdoch and McCulloch filed their joint and several answer, admitting the issuance of the policies, the death of James R. Murdoch, the furnishing of satisfactory proofs of death, and that Morrill claimed to hold an assignment of the policies, and had caused suits to be instituted on them, as averred in the bill. The answer alleges that no valid assignment of said policies was made to Morrill, for the reason that, when said Anna M. Murdoch signed and delivered the same to Morrill, James R. Murdoch, her husband, was alive and not present, and did not consent to her acts in the premises; that James R. Murdoch, the husband of said Anna M. Murdoch, was for a long space of time in the employ of the defendant Charles A. Morrill; that, during the course of said employment, the said Murdoch from time to time became indebted to the said Morrill; that, at the close of the month of November, 1895, the said indebtedness was considerable; that on the 2d day of December, 1895, said Morrill gave to the said Anna M. Murdoch a statement of his account against her husband, James R. Murdoch; that said account showed a balance of $1757.09 in favor of said Morrill, which amount he represented as the entire indebtedness of said James R. Murdoch to him at that time; and that said assignment was made to secure the indebtedness then due to Morrill, and any future indebtedness which she or her husband might incur to him, which said Morrill well knew; and that December 2, 1895, he wrote to said Anna M. Murdoch the following letter:

"CHICAGO, ILL., *December 2, 1897.*
"*Mrs. J. R. Murdoch, City:*

"DEAR MADAM—I this day received from you policies 63,523 in the Manhattan Life Insurance Company of New York for twenty-five hundred ($2500) dollars each on the life of J. R. Murdoch, in which you are named as beneficiary, being duly assigned to me. On payment by you or your husband of the balance due me, and also any future indebtedness that may be incurred by you or your husband from time to time, I will re-assign these policies to you. I will also see that the premiums on these policies are paid when due, and not allow them to lapse for non-payment during the time that I remain beneficiary, the amount, however, so paid to be charged to the account of J. R. Murdoch. I will also pay you $50 per month, payable weekly, during the time that J. R. Murdock is in my employ, this amount also to be charged to his account. In case of these policies becoming payable from any cause whatsoever during the time that I am beneficiary, whatever amount may be due me from said J. R. Murdoch or yourself shall be deducted from the amount received on these policies and the balance paid over to you.

"Yours very truly,   CHARLES A. MORRILL."

The answer further alleges that defendants are not informed of the amount of indebtedness, which Morrill claims, and reserve the right to dispute the same if necessary; that Morrill, before the death of James R. Murdoch, became indebted to him in the sum of $340.14, which is a set-off against any amount which may be found due Morrill; and that May 4, 1897, Anna M. Murdoch assigned to appellee McCulloch her interest in said policies by an assignment written on the reverse side of said letter from Morrill to said Anna M. Murdoch, which assignment is as follows:

"OWENBORO, KY., *May 4, 1897.*

"For value received I hereby assign my interest in policies numbered 63,523 and 65,949 Manhattan Life Insurance Company, $2500 each, mentioned on reverse side of this sheet, to J. W. McCulloch.   MRS. ANNA M. MURDOCH."

Defendants claim the entire amount of $5000 due from said insurance company. December 27, 1897, Morrill answered, admitting, among other things, that at the time

of the death of the insured he claimed to hold, and still holds, assignments of the proceeds of said policies executed, as required by complainant's rules, by Anna M. Murdoch; that December 3, 1895, each of said policies numbered, respectively, 63,523 and 65,949, was duly assigned, as required by complainant's rules, to defendant Morrill by Anna M. Murdoch, and said policies were by her delivered to said defendant, and have ever since remained and now are in his possession, said assignments being the same in form, and one of them, with the acknowledgment thereof, being as follows:

"In consideration of one dollar and other valuable considerations, the receipt whereof is hereby acknowledged, I hereby sell and assign the annexed policy No. 63,523 on the life of James R. Murdoch of Minneapolis, Minnesota, issued by the Manhattan Life Insurance Company of New York, unto Charles A. Morrill of No. 21 Lake street, city of Chicago, Cook county, State of Illinois; and I do, for myself, my executors and administrators, guarantee the validity and sufficiency of the foregoing assignment to the above named assignee, his executors, administrators and assigns, and their title to said policy will forever warrant and defend.

"Dated in Chicago this 3d day of December, 1895.

In the presence of E. E. Hovey."   ANNA M. MURDOCH.

"STATE OF ILLINOIS,
      City of Chicago,   } ss.
      County of Cook.

"On this 3d of December, in the year of our Lord 1895, before me personally came Anna M. Murdoch, to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that she executed the same.

[Notarial Seal.]   GEORGE H. SMITH, *Notary Public.*"

That December 4, 1895, said assignments were duly forwarded to said complainant, and December 6, 1895, complainant acknowledged the receipt thereof, as follows: "Your favor of the 4th inst., enclosing assignments of policies numbered 63,523 and 65,949, is received, and the same have been placed on file."

The answer further avers, that complainant has never questioned the validity of, or made any objection to, said

assignments, and that Anna M. Murdoch has at all times, both before and since filing the bill, admitted their validity, and that they were made with the written consent of James R. Murdoch. Defendant admits, that he has instituted suits on the policies as alleged in the bill, and avers that the policies were assigned to him to secure indebtedness from James R. Murdoch to him, existing at the time of the assignments, and advances, which might thereafter be made by him to the said Murdoch, and that there is equitably due him from Murdoch at the date of the assignment, and for indebtedness since incurred by said James R. and Anna M. Murdoch, the sum of $5183.17; avers that he is not informed save by the bill whether appellees, McCulloch and Murdoch, July 2, 1897, claimed that they were entitled to the proceeds of the policies, and therefore denies the same, and calls for strict proof; denies that said appellees ever claimed that defendant was not entitled to the proceeds of the policies, or notified complainant in writing not to pay the same to defendant; denies that Anna M. Murdoch has any interest in the policies superior to defendant's right, or any right to interfere with the payment to defendant of the full amount thereof; denies that there was any valid assignment to McCulloch, and avers, if there was any assignment to him, it was without consideration; denies that complainant has at all times been willing to pay to the person entitled, and avers that complainant has at all times known that defendant was the only person entitled to the proceeds of the policies, and that the claims of the other defendants were such that said proceeds could be paid to this defendant with perfect safety; alleges that he has never refused to account to Anna M. Murdoch as to indebtedness incurred by the said Anna M. and James R. Murdoch, and has at all times been willing to pay to said Anna M. Murdoch any sums which might remain after payment to defendant of the indebtedness to him of said Anna M. and James R. Murdoch, etc.

October 18, 1897, before entry of appearance of the defendants to the bill, the court entered a temporary order restraining Morrill from the prosecution of the suits at law mentioned in the pleadings. February 7, 1898, the following decree was entered: "This cause coming on to be heard this February 7, 1898, upon the bill of complaint and joint and several answers of the defendants Anna M. Murdoch and J. W. McCulloch, and the separate answer of defendant Charles A. Morrill, and upon the face of the pleadings, after argument of counsel, it is ordered and adjudged that the bill of interpleader is properly brought by the complainant; that complainant be paid the costs of this action, to be allowed from the funds in the bill mentioned, and that the complainant thereupon, by consent of counsel, retain the amount of the residue of said fund, said consent being without prejudice of the defendant, or the defendant's right to appeal, as hereinafter prayed, for the benefit of such defendant or defendants, as shall be found to be entitled thereto, and that the complainant be dismissed from further prosecution of this action, released, acquitted and discharged from all claims to either of the defendants by reason of said fund, except as hereinafter directed by the court; that the temporary restraining order, restraining said Morrill from prosecuting the suit at law, now pending in the circuit court of Cook county, be and the same is made a perpetual injunction. It is further ordered and decreed that the defendants do interplead, settle and adjust their separate claims and matters in controversy, between themselves."

The appellant excepted to the decree, but it does not appear that any objection was made to a hearing on the pleadings. An appeal was taken to the Appellate Court, where the decree of the superior court of Cook county was affirmed. The present appeal is prosecuted from the judgment of affirmance, so entered by the Appellate Court.

CRATTY, JARVIS & CLEVELAND, for appellant.

PECKHAM, BROWN & PACKARD, for appellees.

Per CURIAM:  After making the foregoing statement of the facts, the Appellate Court delivered the following opinion:

"Appellant's counsel claim that the bill of interpleader is insufficient.  In *Platte Valley Bank* v. *Nat. Bank,* 155 Ill. 250, the court say:  'It is laid down in 3 Pomeroy's Equity Jurisprudence, (sec. 1322,) that the equitable remedy of interpleader depends upon and requires the existence of the four following elements:  First, the same thing, debt or duty must be claimed by both or all the parties against whom the relief is demanded; second, all the adverse titles or claims must be dependent on or be derived from a common source; third, the person asking the relief— the plaintiff—must not have nor claim any interest in the subject matter; fourth, he must have incurred no independent liability to either of the claimants,—that is, he must stand perfectly indifferent between them, in the position, merely, of stakeholder.'  These elements co-exist in the bill in question.  It is averred that the defendant Morrill claims the insurance money and that Anna M. Murdoch and J. W. McCulloch also claim it. The titles of Morrill and McCulloch are both alleged to be claimed through Anna M. Murdoch, the beneficiary in the policies, and the ultimate common source of all the titles claimed is shown by the bill to be the insurance company.  The complainant disclaims all interest in the fund, and evidently has none beyond seeing that payment is made to persons entitled to receive it.  Complainant has incurred no independent liability to any one of the claimants, and alleges perfect indifference as between them.

"Counsel further contend that it was error to hear the cause on the bill and answers, for the reason that the

allegations of the bill that the defendants, McCulloch and Murdoch, made claim to the fund; that the complainant did not know to whom to pay it, and that it has always been willing to pay to the person entitled, are all denied by the answer of appellant Morrill, and therefore required proof.

"McCulloch and Anna M. Murdoch both claim the fund by their answer, but counsel for appellant insists that their answer could not be read as against appellant. The contrary doctrine was announced in *Balchen* v. *Crawford*, 1 Sandf. Ch. 380. In that case the court says: 'The general rule is well established that the answer of one defendant cannot be read in evidence against another defendant. There are, however, many exceptions to the rule.' The court, after mentioning certain exceptions, proceeds as follows: 'In an interpleader suit the complainant's office is widely different from that of a complainant in an ordinary suit in equity seeking to avoid a liability or to enforce some right against the defendant. Here the complainant comes into court with the money in his hand to discharge an acknowledged debt which he is prevented by conflicting claims from paying to either of the claimants with safety to himself. His duty appears to be at an end when he has brought the rival claimants to interplead by filing their answers and putting the suit at issue. It is true, he must show by his bill that each of the parties claims a right, else he makes out no case. But that is his whole case, and when the court sees, by the respective answers, that each defendant has made such claim, I can perceive no well-grounded reason for putting the complainant to other proof of that fact against the opposing defendants, respectively. That proof, if made by testimony, would consist almost entirely of the declarations and admissions of the respective defendants,' etc. The objection made in the case cited was the same as made here. A defendant who did not by his answer admit that a co-defendant had made

claim to the fund in dispute, insisted that proof that such claim was made was necessary.

"We are of opinion that no proof was necessary of the allegations that the complainant did not know to whom to pay the insurance money, and that it had always been ready to pay it to the person entitled to receive it.

"We do not agree with the contention of counsel that the written receipt by the insurance company of the assignments to Morrill operated as an acknowledgment of liability to him. We are of opinion that the facts alleged in the bill were sufficient to create a reasonable apprehension on the part of the complainant that it would be harassed by several suits in respect to the insurance money.

"We find no reversible error in the record, and the decree will be affirmed."

We concur in the foregoing views expressed by the Appellate Court, and in the conclusion announced by that court. Accordingly, the judgment of the Appellate Court is affirmed.          *Judgment affirmed.*