### Edgar M. Snow, et al., v. Perry Ulrich, et al.

#### Gen. No. 12,440.

1.  Bill of interpleader—*what essential to valid.* The essential elements necessary to be shown in a valid and sufficient bill of interpleader are (1) the same thing, debt or duty must be claimed by both or all the parties against whom the relief is demanded; (2) all their adverse titles or claims must be dependent or be derived from a common source; (3) the person asking the relief, the complainant, must not have or claim any interest in the subject-matter; and (4) he must have incurred no independent liability to either of the claimants, that is, he must stand perfectly indifferent between them, in the position of a stakeholder.

2.  Bill of interpleader—*lies to determine right to real estate commissions.* The necessary essentials appearing, a bill of interpleader lies to determine to which of several claimants real estate commissions, admitted to be due to some one, should be paid.

Bill of interpleader. Appeal from the Circuit Court of Cook County; the Hon. John L. Healy, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed and remanded. Opinion filed May 8, 1906.

Holden & Buzzell, for appellants.

Orr & Wentworth and Church, McMurdy & Sherman, for appellees.

Mr. Presiding Justice Smith delivered the opinion of the court.

The record in this case presents the question whether the facts alleged in the amended bill, to which a demurrer was sustained by the Circuit Court, are sufficient to entitle the complainant to the relief prayed.

Appellants, complainants, set out in their bill that they

and the appellees are all real estate brokers; that appel-
lants represented the vendors in the sale of certain real es-
tate and received from them the commission on the sale
and are to pay one-half thereof to the brokers who fur-
nished and produced the purchaser. Both the defendants,
appellees, claim to have furnished and produced the pur-
chaser. Appellee Ulrich has sued appellants in an action
at law for the recovery of the said one-half of the com-
mission; that appellees McVicker and Eagleston claim that
the purchaser is their customer and are threatening to com-
mence an action at law against appellants for the one-half
of the commission, and that during the pendency of the
cause have commenced and are prosecuting such action at
law.

The bill shows that appellees McVicker and Eagleston
were copartners, and that prior to December 3, 1904, they
applied to appellants for the privilege of submitting the
purchase of said real estate to a customer to whom they
expected to be able to sell it, and in the event of a sale to
their customer they would be entitled to one-half of the
commission, and appellants agreed with said appellees that
upon the sale of said real estate to their customer they
would divide the commission with them. Prior to Decem-
ber 3, 1904, the same arrangement was made with appellee
Jackson who had some agreement with appellee Ulrich
concerning the division between them of the money in con-
troversy, and that appellants never had any other agree-
ment with appellees or any of them; that appellants never
employed appellees or either of them in and about the sale
of said real estate and that all of the work and labor of
appellees in and about the sale of said real estate was vol-
untarily done by them and in an effort by them to become
entitled to the share of the commission to be paid on the
sale thereof.

The bill further shows that on or about December 5,
1904, appellees McVicker and Eagleston notified appellants
that Mrs. Agnes Ingalls was considering the purchase of
the said real estate; that on December 6, 1904, appellee

Jackson stated to appellants that he had a purchaser for said real estate and would meet appellants at the office of the attorney of such purchaser, and upon going to the office appointed, appellants found appellees Jackson and Ulrich who introduced appellants to Mrs. Agnes Ingalls as their purchaser of said real estate; that thereupon appellants told said Jackson of the notification received from appellees McVicker and Eagleston regarding Mrs. Ingalls; that all the parties then proceeded to the office of McVicker and Eagleston, and there said Jackson and said McVicker and Eagleston each claimed the said Agnes Ingalls as their purchaser of said real estate.

Mrs. Ingalls became the purchaser of the property and it was conveyed to her by the owners, who paid to appellants the sum of $1,125 as and for the commission and that one-half thereof, $562.50, is claimed by said McVicker and Eagleston and is also claimed by Jackson and Ulrich, and appellants do not know and cannot safely decide to which of said appellees the said sum belongs.

The bill avers that appellants have always been ready and willing to pay the said sum of money to such of said appellees as are lawfully entitled to receive it and bring the money into court, and makes the usual averments of a bill of interpleader and the usual prayer for relief.

The essential elements necessary to be shown in a valid and sufficient bill of interpleader, according to the authorities, are : (1) The same thing, debt or duty must be claimed by both or all the parties against whom the relief is demanded; (2) all their adverse titles or claims must be dependent, or be derived from a common source; (3) the person asking the relief—the complainant—must not have or claim any interest in the subject-matter; and (4) he must have incurred no independent liability to either of the claimants, that is, he must stand perfectly indifferent between them, in the position of a stakeholder.   3 Pomeroy's Equity Juris., sec. 1322; Platte Valley Bank v. National Bank, 155 Ill. 250; Morrill v. Manhattan Life Ins. Co., 183 Ill. 260.

In Newhall v. Kastens et al., 70 Ill. 156, the rule and the ground of jurisdiction is stated in more general terms as follows: "Where two or more persons claim the same fund or property, by different or separate interests, and another person does not know to whom it of right belongs, and as to which he is wholly indifferent as between them, he may exhibit a bill of interpleader as against them. The ground of jurisdiction is the apprehension of danger to himself from the doubtful and conflicting claims of the several parties, as between themselves; and the only decree he is entitled to is, that his bill is properly filed, that he have liberty to pay the money or deliver the property to the party entitled thereto and be thereafter protected from the several claimants;" citing 3 Dan. Chan. Prac. 1754; Mitchell v. Hayne, 2 Sin. & Stu. 63; Bedell v. Hoffman, 2 Paige, 199.

Testing the averments of the bill by the above rules we think they present all the four essentials required. Both of the real estate brokers named as defendants claim the same money—the one-half of the commission on the same sale. As to this element there is no controversy, and there can be none under the averments of the bill. The claims of the defendants are derived from a common source. Both brokerage firms claim the one-half commission from the same sale to the same purchaser upon the ground that each firm was the "procuring cause" of the sale effected with the same purchaser, for unless each broker proves that he stands in such a position he cannot recover. Each broker, according to the averments, claims to have procured and furnished Agnes Ingalls, the purchaser. Thus the second element is clearly shown by the bill.

The bill distinctly avers that complainants have or claim no interest in the money, and that the complainants are indifferent as between the defendant claimants; thus presenting the third and fourth elements of a sufficient bill of interpleader.

The case of Sachsel v. Farrar, 35 Ill. App. 277, is cited by appellees, and is confidently relied upon by them as pre-

cisely in point, and fully sustained by the authorities; and being a decision of this court, we should follow it. We fully agree with the decision in that case. But the facts shown by the record in that case failed to establish the first and fourth essentials to a good bill of interpleader, namely: that the same debt or fund was claimed, and that the complainant had not incurred an independent liability to one or both of the claimants. In that case the owner had employed two independent brokers to assist him in making a sale of the same property, and both of them had at different times produced to him the same prospective purchaser, but no sale was concluded at that time. Subsequently one of the brokers brought in the same person and a sale was made, and thereupon the owner entered into a written agreement with the broker to pay him the commission on the sale. The owner thus incurred an independent liability to one of the claimants, and having done so, he could not compel him to litigate with the other claimant. 11 Ency. of Pl. & Pr. 459, and authorities there cited. The opinion in the Sachsel case proceeds upon the theory that if by independent contracts with each broker the owner had become liable to pay each a commission, they were not claiming the same fund and the owner was not entitled to maintain a bill of interpleader. The difference between that case and the case now before us seems to us to be clear, and it cannot therefore be considered an authority applicable here.

In Shipman v. Scott, 14 Daly, 233, the owner of real estate employed two independent brokers who claimed to have procured the same purchaser, and it was held not to be a case where, having employed two brokers, the owner was liable for more than one commission, because each had procured a separate purchaser, and the order of interpleader was affirmed on the ground that as both brokers claimed to have been employed, and to have produced the same purchaser, the question to be tried was which one was the procuring cause of the sale for which the commis-

sion was payable. This holding, we think, is clearly applicable to the case made by the bill before us.

The court erred in sustaining the demurrer to the bill, and the decree is therefore reversed and the cause is remanded.

*Reversed and remanded.*