## Jennie M. Strobil v. Union Central Life Insurance Company et al.

### Gen. No. 12,757.

1. INTERPLEADER—*when proof not required of complainant in bill of.* If a bill of interpleader is filed in due form and the defendants interpose answers, respectively claiming the fund tendered by the complainant, no proof is required to be made by the complainant.

2. INTERPLEADER—*when it does not appear that complainant's action brought about conflict of claims.* A contention that the delay of the complainant in a bill of interpleader in making payment brought about the conflict of claims, will not be sustained where it appears that the party asserting such contention had not complied with the reasonable request made by the complainant at the time the conflict arose.

3. FINAL DECREE—*what is, in proceeding instituted by bill of interpleader.* A decree entered upon a bill of interpleader is final and appealable as to the complainant, which provides that the defendants interplead, that the complainant pay the money in controversy into court, and that upon such payment the complainant be dismissed out of court with its costs.

Bill of interpleader. Appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed November 7, 1906.

**Statement by the Court.** The appellee, Union Central Life Insurance Company, filed its bill of interpleader in the Circuit Court against appellant, Jennie M. Strobil, and Ernest V. Johnson, executor of the last will and testament of Amos T. Griffin, deceased. Complainant sets forth that it is an Ohio corporation authorized to do business in the state of Illinois; that on August 12, 1902, it issued a policy of insurance for $2,000 upon the life of Amos T. Griffin, payable to Griffin's executors, administrators or assigns within sixty days after proof of death; that said Griffin died on August 23, 1904, in Cook county, Illinois, while the policy was in force; that after the policy was issued and before Griffin's death complainant received through the mail an assignment to appellant of the policy in consideration of $2,000 borrowed money, dated September 4, 1902; that after Griffin's death, appellant notified complainant that she claimed the whole amount of the policy, and on October 3, 1904, made proof of death, and that she is now threatening suit against complainant for the money.

That on October 11, 1904, Ernest V. Johnson, executor of the will of said Griffin, made proof of the death of Griffin and claimed the money as executor; that said Johnson also notified complainant that appellant had no interest in the policy and demanded the amount thereof, and threatened to bring suit therefor.

Complainant denied any collusion with either of the defendants and offered to bring the money into court, and prays that the defendants be required to interplead. The bill is supported by an affidavit that complainant has not exhibited its bill at the request of the defendants or either of them, but has filed its bill to avoid loss and being sued or molested by the defendants who are threatening suits at law to recover the sum of money mentioned in the bill.

Appellant demurred to the bill, and her demurrer

being overruled, pleaded thereto, and her plea being held insufficient, took leave to let it stand as her answer. In her plea she set out certain facts relating to the action of complainant after Griffin's death; delay in sending blanks for proofs of death; delay in settling the insurance after she had made proof of death; that the complainant had been guilty of bad faith and collusion with Johnson, executor, and had brought about the conflicting claims because of its delay in paying over the proceeds of the policy to her, and therefore complainant should not be allowed to file its bill.

Appellee Johnson, as executor, answered, denying that the assignment of the policy to appellant was valid and that appellant has any interest in the policy; denies that Griffin, deceased, was indebted to appellant, and claimed that appellant was indebted to deceased at the time of his death; that she had in her possession and control large amounts of property belonging to said Griffin, deceased, and that on the day of his death she obtained a large sum of money from him without consideration, and that the assignment of the policy was obtained by fraud.

Appellee insurance company filed its replications to the answers, and the court without requiring any proof entered a decree requiring the defendants to interplead. From the decree this appeal is prosecuted.

PEASE, SMIETANKA & POLKEY, for appellant.

HARRY A. DAUGHERTY, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The errors relied upon for reversal are, first, an issue having been made by the bill and answer of appellant, the case should have been set down for hearing and proofs should have been required and submitted before a decree of interpleader could be en-

tered; and second, from the bill itself it appears that the insurance company delayed from October 3rd until October 11th in paying over the proceeds to appellant, whose claim for the insurance money during that period was unchallenged and thus brought about the conflicting claims by its delay.

The first ground of reversal urged by appellant was disposed of in Morrill v. Manhattan Life Insurance Co., 183 Ill. 260, adversely to appellant's contention. The court (on page 268) say, quoting from Balchen v. Crawford, 1 Sandf. Ch. 380:

"In an interpleader suit the complainant's office is widely different from that of a complainant in an ordinary suit in equity seeking to avoid a liability or to enforce some right against the defendant. Here the complainant comes into court with the money in his hand to discharge an acknowledged debt which he is prevented by conflicting claims from paying to either of the claimants with safety to himself. His duty appears to be at an end when he has brought the rival claimants to interplead by filing answers and putting the suit at issue. It is true, he must show by his bill that each of the parties claims a right, else he makes out no case. But that is his whole case, and when the court sees, by the respective answers, that each defendant has made such claim, I can see no well grounded reason for putting the complainant to other proof of that fact against the opposing defendants, respectively. That proof, if made by testimony, would consist almost entirely of the declarations and admissions of the respective defendants," etc.

Both defendants to the bill claimed the fund in their answers. Appellant cannot object that no proof was made of the averments of the bill which were admitted or proved by the answers.

As to the second contention of appellant it appears from her answer (Rec. p. 27, not abstracted) that the appellee insurance company in its letter to appellant

dated September 14, 1904, said: "In the meantime you should furnish proper affidavit to establish the nature and amount of the indebtedness. Please advise us what this is, as the remaining balance should be claimed by the duly appointed executor or administrator of the insured's estate."

With this reasonable request of the company appellant refused to comply in her letter of September 20, 1904, set up in her answer. It can hardly be claimed, we think, in view of these and other letters set up in her answer that appellant's right to the fund was unchallenged from October 3, 1904, to October 11, 1904. Taking appellant's answer to be true, we find no merit in the contention that the complainant company by its delay brought about the conflict of claims.

A motion was made by appellee, Union Insurance Company, to dismiss the appeal upon the ground that the order or decree appealed from was interlocutory and not final, and therefore the court has no jurisdiction to entertain the same. This motion was reserved to the hearing.

The decree appealed from was a final decree as to the appellee, Union Insurance Company. It ordered the defendants to interplead and that the company pay the money in controversy into court, and upon such payment released the company from all further liability upon or under said insurance policy, and that the company be dismissed out of court with its costs. Having brought the defendants into court and obtained the relief prayed for, the company had no further interest in the case and nothing more to do in it. This constituted a final decree as to it. From this decree an appeal could be prosecuted. Morrill v. Manhattan Life Ins. Co., *supra;* Platte Valley Bank v. National Bank, 155 Ill. 250.

The motion to dismiss the appeal is denied.

Finding no error in the record, the decree of the Circuit Court is affirmed.

*Affirmed.*