## John P. Foerster, Appellee, v. Elisabetha Enzenbacher, on appeal of George N. Stieber, Appellant.

### Gen. No. 19,194.

1. CHANCERY—*when bill is in nature of bill of interpleader.* A bill is in the nature of a bill of interpleader where it alleges that complainant made a contract with an owner of real estate for the sale thereof, whereby complainant was to retain the price obtained above a certain amount if a specified number of lots were sold, that he made a contract with a salesman based thereon, providing for certain commissions, that such owner has brought an action for the amount retained on the ground that the specified number of sales were not made, and that the salesman has begun an action for commissions on the ground that the sales were made, and complainant prays that both actions be restrained and the rights of the parties determined and offers to pay what appears to be due, if any.

2. ACTIONS AND DEFENSES—*when remedy at law inadequate.* Where complainant by contract with an owner of realty was to receive a portion of the proceeds of the sale thereof if a specified number of lots were sold, and employed a salesman who was to receive certain commissions if the required sales were made, such

complainant has no adequate remedy at law when it appears from his bill, praying that actions by the salesman and by the owner be enjoined and the rights of the parties determined, that he would have no defense to the action by the salesman for commissions, yet if he should fail to establish in the action by the owner that he is entitled to the proceeds retained, the salesman would have received a large sum to which he is not equitably entitled, and that a judgment in the action by the salesman would not protect him against a judgment in favor of the owner.

3. CHANCERY—*when defendant cannot complain if action is enjoined till rights of parties under contract determined.* Where a salesman makes a contract with a real estate dealer providing for certain commissions if a specified number of lots are sold, which, to his knowledge, is based on a contract between the dealer and the owner providing that certain proceeds of the sales may be retained if the required number are made, such salesman cannot complain if his action for commissions is enjoined until the amount of gross profits can be determined.

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed April 3, 1913. Rehearing denied April 17, 1913.

THEO. C. ROBINSON, for appellant Stieber.

EDMUND S. CUMMINGS, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

This is an appeal from an interlocutory order granting an injunction restraining George N. Stieber, appellant, from prosecuting, until the further order of the court, a suit brought by him against appellee, John P. Foerster, in the Municipal Court. The bill of complaint recites that on September 9, 1909, Foerster was engaged in the real estate business in Chicago, and on that date, he entered into a contract with Elisabetha Enzenbacher, who was the owner of sundry real estate in Chicago; that by said contract he was constituted and appointed her exclusive agent for a term of three years, for the sale of said real estate, with authority to execute contracts of sale, and that if he

should be successful in disposing of seventy-three or more lots during the term of three years, then the owner "hereby agrees to give said second party three years more in which to dispose of the balance of the lots upon the same terms and conditions as herein stipulated;" that the owner agreed to accept a net price of $250 per lot, and appellee was authorized to retain all amounts received in excess of that price, as his compensation for selling the same, with a proviso, however, that if appellee should fail to sell seventy-three lots within three years, then he should receive only one-half of such excess upon sales of the corner lots and certain others therein mentioned. The contract also provided that the owner should not be liable for any commission "unless a transaction is actually closed, either by deed or contract, for more than $250 per lot sold, and special assessments, if any." This contract was executed in the presence of appellant Stieber, who signed his name as a witness thereto. The bill then avers that thereafter, and on the same day, appellee entered into a contract with Stieber, by the terms of which Stieber was employed as a real estate salesman for the term of three years, "and thereafter if the agency of the property herein referred to is retained by said first party" (appellee), and that Stieber should receive as compensation for his services "one-half of the gross profits to be realized" on the sale of certain property therein described, being the same property described in the previous contract with Elisabetha Enzenbacher. In the first contract there is a provision that the compensation of Foerster shall be paid "as soon as a sale of said property is consummated by either party," and in the second contract is a provision that the compensation of the salesman shall be paid "as fast as collections are made." The bill further alleges that appellee and Stieber actively interested themselves in making sales of said lots, and in fact sold, within three years from the date of the contract, seventy-four and one-half lots; that one of such sales, for fifty-one and one-half lots was made only two

days before the expiration of said three year term, for an aggregate price of $12,875 (which is exactly $250 a lot); that said Elisabetha Enzenbacher refused to recognize that sale as a bona fide sale, and notified appellee, on September 18, 1912, that his agency was terminated, and that he was not authorized to act further for her with respect to the subject matter of the contract; that two lots, which were sold in August, 1912, were sold for $2750, and that the excess over the net price of said lots amounted to $2210.02; that two others were sold for $1100, upon which the excess or profit was $600; that Elisabetha Enzenbacher claims that appellee is not entitled to any part of said excess, but that she is entitled to the full purchase price of all said lots, for the alleged reason that appellee did not sell seventy-three lots prior to September 9, 1912; and that upon this theory she had brought suit in the Superior Court against appellee to recover all of such excess; that soon after, said Stieber also brought suit against appellee in the Municipal Court, claiming one-half of such excess or gross profits, upon the theory that more than seventy-three lots had been sold during the three year term of the Enzenbacher contract; that while appellee insists and maintains that he has actually sold more than seventy-three lots in accordance with the terms of that contract, and concedes that Stieber is entitled to an accounting upon that basis, "nevertheless, because of the conflicting claim of Elisabetha Enzenbacher that your orator did not sell said seventy-three lots, your orator may be required to pay said sums of money in controversy twice;" that the rights of all the parties to said suits at law depend upon the same questions of law and fact, but that the whole controversy cannot be settled in either of said suits; that for these reasons said law suits are "vexatious, harassing and annoying" to appellee. The bill prays that a decree may be entered finding that appellee did in fact sell more than seventy-three lots during the three year term of the Enzenbacher contract, and is, therefore, entitled to an extension of such contract

for another three years, and to receive the stipulated profits on that basis; that an account may be taken of the several transactions and sales and of the moneys received and paid out thereon; that the rights and liabilities of all the parties may be ascertained and adjusted, the appellee offering to pay to either of the others what, if anything, shall appear to be due to them; that the defendants may be restrained by injunction from proceeding further with their said law suits, and for general relief. Upon the filing of the bill, complainant moved the court to grant a preliminary injunction as prayed. This motion was placed upon the contested motion calendar and after a hearing on the motion, it was ordered that Stieber be enjoined, until the further order of the court, from prosecuting his suit in the Municipal Court, and that appellee file a bond of $2,000, which was done. From this order Stieber has appealed to this court.

The contentions of appellant are, in substance, that the bill cannot be sustained, either as a bill of interpleader or a bill *quia timet,* and that the complainant has an adequate remedy at law. It is true that the bill is not, strictly speaking, a bill of interpleader, and yet its object and purpose are practically the same as those of a bill of interpleader. It lacks several of the ordinary characteristics of a pure bill of interpleader, such as the lack of the usual allegations that the complainant has no interest in the subject matter, that he is indifferent between the contesting parties, that he does not collude with either of them, and that he offers to bring the money into court. But while this is true, the bill does fall within that class of cases known as bills in the nature of a bill of interpleader. The difference between a bill of interpleader and a bill in the nature of a bill of interpleader is stated in Heath v. Hurless, 73 Ill. 323, to be this: That in the latter form of bill the complainant seeks not only to have the conflicting claims of the defendants against himself adjudicated, but also some affirmative relief, whereas in a bill of interpleader strictly, he only asks that he may

be at liberty to pay money or deliver property to the party to whom it rightfully belongs, and that he may thereafter be protected against the claims of both. In this case the prayer of the bill seeks affirmative relief, and therefore falls within the definition thus given of a bill in the nature of a bill of interpleader. Such a bill is maintainable even if it appears that the complainant has an interest in the subject matter of the controversy (Brocklebank v. Lasher, 109 Ill. App. 627; Carter v. Cryer, 68 N. J. Eq. 24), or if it omits the allegations that he is indifferent between the contesting parties and does not collude with either of them (Van Winkle v. Owen, 54 N. J. Eq. 253; Koppinger v. O'Donnell, 16 R. I. 417); and in such a bill the offer to bring the money into court is not one of the essential elements. (Morrill v. Manhattan Life Ins. Co., 183 Ill. 260.) If it shall seem necessary during the progress of the suit, the payment of the money into court may be required by a proper order to that effect.

As to the contention that the complainant has an adequate remedy at law, we are of the opinion that under the peculiar facts set out in the bill, all of which must be taken as true upon this appeal, the remedy at law is not adequate. As the matter now stands, appellee would have no defense to Stieber's suit in the Municipal Court, and yet if he should fail to establish his claim that he is entitled to all the excess of the proceeds of the sales of lots over $250 per lot, Stieber would then have received a large sum of money to which he is not equitably entitled. A judgment in the Stieber suit would not protect appellee against a judgment in favor of Elisabetha Enzenbacher. According to the bill, Stieber made his contract with full knowledge of the Enzenbacher contract, and with reference to it. He cannot, therefore, justly complain if he is required to wait until it can be determined what amount of gross profits were actually realized.

For the reasons indicated, the order of the Superior Court is affirmed.

*Affirmed.*