CHICAGO—FIRST DISTRICT—JANUARY, 1915.    93

The Pullman Co. v. The Vinegar Bend Lumber Co., 191 Ill. App. 93.

The Pullman Company, Appellee, v. The Vinegar Bend Lumber Company et al., on appeal of Vinegar Bend Lumber Company, Appellant.

Gen. No. 19,993.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed January 5, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Appeal by The Vinegar Bend Lumber Company from a decree requiring it and other defendants in an interpleader suit to interplead. To the original bill appellant filed a sworn answer and served notice thereof on the complainant, and no replication thereto was filed. Later the complainant on leave given filed its amended bill of complaint waiving answers under oath, and issues were formed thereon by the filing of answers and replications, appellant not waiving any rights under said sworn answer.

The pleadings showed that complainant was indebted in the sum of $1,222.56 for lumber which both appellant and one Joice claimed to have sold to it; that Joice assigned his interest in the money to the Old Colony Trust & Savings Bank; that the latter brought suit therefor against complainant in the name of Joice; that one Brooks, a creditor of appellant, summoned complainant as garnishee in an attachment suit against appellant, in which Joice and the Bank intervened as claimants of the money, and in which was later filed a stipulation by which the several parties, except Brooks, agreed to enter appearance in this interpleader suit, where the issues should be tried.

At the hearing the only proofs adduced were by the complainant, consisting of a transcript of the record of the proceedings in the attachment suit and the answer of complainant as garnishee.

94    APPELLATE COURTS OF ILLINOIS.

The Pullman Co. v. The Vinegar Bend Lumber Co., 191 Ill. App. 93.

At the close of the case, appellant moved to dismiss the several bills for want of equity, but the motion was denied and the decree requiring defendants to interplead, and a deposit in court of the sum in controversy, was entered, whereupon this appeal followed.

W. KNOX HAYNES and MICHAEL FEINBERG, for appellant.

H. T. WILCOXON, for appellee; WILLIAM BURRY, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. STIPULATION, § 19*—*when pleading may be considered as evidence.* Where a stipulation was entered into contemplating that the title to a fund which was at issue in a garnishment suit, should be submitted for adjudication in an interpleader suit, where a final decree should be entered, in effect each party waived any question as to the sufficiency of the bill and consented to interplead, wherefore one party could not contend that under sec. 29 of the Chancery Practice Act (Hurd's R. S. ch. 22, sec. 29, J. & A. ¶ 909) its sworn answer was to be taken as true.

2. INTERPLEADER, § 2*—*what is nature of suit.* In an interpleader suit the complainant's office is widely different from that of the ordinary complainant in a suit in equity, and the answers of defendants may be read against one another.

3. INTERPLEADER, § 7*—*when pleading sufficient.* In an interpleader suit, where the complainant admitted its indebtedness for certain lumber which two parties claimed to have sold, allegations of one· of such parties that the complainant gave a written order for the lumber, that same was shipped to the complainant and that the latter knew it was purchasing the lumber from such interpleader, were mostly conclusions, and the answer did not set up facts showing liability upon an independent undertaking without reference to the liability to the other claimant.

4. INTERPLEADER, § 14*—*what must be shown by answer.* In an interpleader suit, where the original bill showed that the debt or

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fund was claimed by several defendants, that complainant was not interested in it and that it emanated from a common source, it was unnecessary to set forth in detail the alleged title of defendants.

5. INTERPLEADER, § 5*—*when bill sufficient.* A bill showing that' a fund due for lumber sold was claimed by all of several parties against whom the bill demanded relief, that it had a common source in the lumber or sale thereof, that complainant was not interested therein and was indifferent among the complainants, contained sufficient elements essential to the equitable remedy of interpleader.

6. INTERPLEADER, § 14*—*when cross-bill unnecessary.* A cross-bill is unnecessary for the assertion and adjustment of a claim of one interpleading, the answer being sufficient.