Union Indemnity Company, Appellant, v. W. G. Jeschke et al., Appellees.

Gen. No. 35,746.

Opinion filed June 20, 1932.

CHURCH, HAFT, ROBERTSON, CROWE & SPENCE, for appellant; BURT A. CROWE, of counsel.

H. E. KOPALD, for appellee W. G. Jeschke.

Norman A. Beck, for appellee Henry Eckhart.

Samuel M. Dague, for appellee Charles W. Clarke.

Mr. Presiding Justice McSurely delivered the opinion of the court.

Complainant filed its bill of interpleader but subsequently moved that it be dismissed, which motion was denied and a decree was entered from which it appeals.

The bill, filed August 28, 1929, alleged that complainant was qualified to carry on an insurance and bonding business in the State of Illinois, with its principal office in New Orleans, Louisiana; that it entered into a writing obligatory in the sum of $5,000, for the benefit and protection of the public who had business relations with one Fred A. Healy, a registered dealer and broker pursuant to section 23 of the Illinois Securities Act as amended, Cahill's St. ch. 32, ¶ 276; that in and by its bond said Healy was principal and complainant was surety. The condition of the bond was that Healy should comply in all respects with the provisions of the Illinois Securities Law, making all sales of securities without material misrepresentations and faithfully to account to all persons interested for all money and property received by said Healy in payment of securities, and deliver to the purchaser such securities when paid for; that if any of said provisions should not be performed the complainant agreed to pay, upon demand, to persons interested the amount of money and value of property received by said Healy.

The bill further alleged that the complainant was informed that Healy became indebted to W. G. Jeschke in the sum of $2,490.23 for securities bought and sold by Healy for his account; that complainant was also informed that Healy was indebted to Charles W. Clarke for securities bought and sold for his account in the sum of $8,400, and was also informed that Healy

was indebted to Henry Eckhart for securities bought and sold in the sum of $1,000; and that complainant was informed and believes that said Healy has failed to account for said moneys owed to said parties.

Complainant alleged that there may be other parties unknown to it who are entitled to benefits under the bond; that said Jeschke, Clarke and Eckhart are each claiming to be legally entitled to receive part or the whole benefit under said bond and are demanding of complainant the full payment of their claims; that Jeschke has brought a suit at law in the circuit court of Cook county against complainant for the amount of his claim and that Clarke and Eckhart are also threatening to bring similar suits at law.

Complainant represented that it had no interest whatever in the fund and was merely the indifferent holder of the $5,000; that it is now ready to pay said amount to the person or persons legally entitled thereto as the court may determine, and complainant offered to bring and pay said amount of money in court as the court might direct. Complainant prayed that the parties claiming may be made defendants to the bill and set forth their several claims to the fund, and that they may interplead and settle and adjust their demands among themselves, complainant agreeing to pay whatever sum the court adjudged was due the respective defendants. An injunction was also requested to restrain Jeschke from proceeding with his suit at law and all the defendants from instituting any actions at law against complainant upon its bond.

December 2, 1931, the decree was entered substantially in compliance with the prayer of complainant's bill. The rule is that when it appears on the face of the record that a decree is precisely in accordance with the prayer of the bill and grants the relief asked for, complainant will not be heard to question it in a court of review. In *McDonald v. Shimeall,* 282 Ill. 42, under

similar circumstances the Supreme Court ordered the writ of error dismissed, holding that as the complainant had obtained the relief sought by the bill, error could not be assigned on the decree. To the same effect is *Cogswell v. Armstrong,* 77 Ill. 139.

This is sufficient to dispose of this appeal, but counsel for both sides have argued the propriety of the order of the chancellor denying complainant's motion to dismiss its bill, complainant asserting the general rule that a complainant may dismiss his bill at any time before a cross-bill has been filed.

August 28, 1929, the bill of interpleader was filed; September 19, answer of Eckhart was filed; October 5, answer of Jeschke was filed; October 22, answer of Clarke was filed. In these answers each defendant asserted his claim and asked the court to find he was entitled to his share of the fund. The aggregate of these claims was substantially more than the amount of the bond ($5,000). The parties then entered into an agreement as to how the fund should be divided and pursuant to this, on December 13, 1929, signed and filed a stipulation in which they admitted that the bill of interpleader had been properly filed and admitted its allegations and that complainant was a disinterested holder of the $5,000 as mentioned in the bill; that said defendants have interpleaded and settled the matter in controversy among themselves and stipulated and agreed upon the amounts to be paid each of the defendants, thus exhausting the entire fund of $5,000 after deducting therefrom the lawful costs of complainant, and it was agreed that the court might order distribution and payment of the said fund accordingly. December 30, 1929, apparently because of the decision in *People v. Federal Surety Co.,* 336 Ill. 472, holding void section 23 of the Illinois Securities Act, Cahill's St. ch. 32, ¶ 276, a motion was filed on behalf of the complainant asking the court to dismiss the cause, and

on the same day the solicitor for Eckhart filed a cross motion asking for the entry of a decree distributing the fund among the respective defendants in accordance with the stipulation. These motions were continued to January 13, 1930. Subsequently, on January 25, Jeschke filed what is termed a cross-bill; February 17, defendant Clarke also filed a cross-bill; subsequently the motion to dismiss was continued to April 14; thereupon complainant filed demurrers to the cross-bills of Clarke and Jeschke. May 14, it was ordered that complainant's motion to dismiss its bill be denied, its demurrer to the cross-bill of Jeschke was overruled, Clarke was given leave to withdraw his cross-bill and complainant was given leave to amend his bill of complaint within 30 days. Further pleadings were filed and orders entered which we do not think it necessary to note. December 2, 1931, the final decree was entered with findings substantially as stated in complainant's bill of complaint and awarding to each of the three defendants the amounts as stipulated. The complainant appealed from this decree and this is the appeal now before us.

Complainant concedes that it would not have the right to have its bill dismissed if cross-bills were pending, but asserts that at the time it made its motion to dismiss only the answers of the defendants were filed and there were no cross-bills filed. An exception to the general rule that complainant may dismiss his bill occurs when the bill is one of interpleader and answers have been filed, the theory being that in such a suit the answer, in which the defendant asserts his claim is in effect a cross-bill, serving the same purpose. *Pullman Co. v. Vinegar Bend Lumber Co.*, 191 Ill. App. 93. This practice was followed in principle in *Alley v. Board of Supervisors of Adams County*, 76 Ill. 101, where the bill of interpleader was dismissed without settling the rights of the claimants to the fund. This

was held to be improper, that the court should have settled the rights of the claimants, and the decree was reversed and the cause remanded for this purpose. In *Lackner v. McKechney,* 252 Fed. 403, where a bill was filed to wind up a partnership and defendants had filed their claims, the court held that by so doing they had obtained as interveners an independent standing in the cause, and the court should not allow the original bill to be dismissed. In *McFarland v. Creath,* 35 Mo. App. 112, it was held that where a defendant in an interpleader suit has appeared and answered, admitting complainant's right to file the bill, his claim cannot be barred without directing an issue between the claimants. In *Morrill v. Manhattan Life Ins. Co.,* 183 Ill. 260, the court quotes with approval from *Balchen v. Crawford,* 1 Sandf. Ch. (N. Y.) 380, as follows: "In an interpleader suit the complainant's office is widely different from that of a complainant in an ordinary suit in equity seeking to avoid a liability or to enforce some right against the defendant. Here the complainant comes into court with the money in his hand to discharge an acknowledged debt which he is prevented by conflicting claims from paying to either of the claimants with safety to himself. His duty appears to be at an end when he has brought the rival claimants to interplead by filing their answers and putting the suit at issue." In *Strobil v. Union Cent. Life Ins. Co.,* 129 Ill. App. 343, it was said that the interpleader, having brought the defendants into court and obtained the relief prayed for, had no further interest in the case and nothing more to do in it. See also *Wilcoxon v. Wilcoxon,* 111 Ill. App. 90; *Judson v. First Trust & Sav. Bank,* 238 Ill. App. 531.

In the instant case the claimants had not only made their respective claims by their answers, but had also agreed upon the distribution of the fund. Nothing remained for the complainant to do except to bring the fund into court as it had offered to do in its bill. The

rights of the parties had been settled. It was therefore too late for complainant to move to have its bill dismissed and the motion was properly denied.

Complainant attempts to make the point that the court erred in not sustaining its demurrer to the cross-bill of defendant Jeschke. This is not properly before us. The appeal is only from the decree of December 2, 1931. Furthermore, neither the cross-bill nor the demurrer has been abstracted.

The decree was in conformity with the proper practice and the law, and it is affirmed.

*Affirmed.*

O'CONNOR and MATCHETT, JJ., concur.