Gaylord J. Case and Vincent Marzano, Appellants, v. Morris De Woskin et al., N. B. McNeill and Eileen Van Guilder, Appellees.

**Gen. No. 43,768.**

Opinion filed October 14, 1946.   Released for publication October 28, 1946.

BERNARD YEDOR and PERLMAN, GOODMAN, HECHT & CHESLER, all of Chicago, for appellants.

FRANCIS L. BRINKMAN and JOHN W. GOLOSINEC, both of Chicago, for appellees.

MR. JUSTICE FEINBERG delivered the opinion of the court.

This appeal is by Gaylord J. Case, plaintiff, and Vincent Marzano, cross plaintiff, from an order of the circuit court entered on December 6, 1945, striking the counter complaint of Marzano as to N. B. McNeill and Eileen Van Guilder, defendants to the counter complaint, and dismissing them as parties defendant to said counter complaint.

It appears that Case brought an action in the circuit court against Marzano to recover commissions, as a licensed dealer and broker, in the sale of a number of shares of stock in a building corporation known as

5050 Sheridan Building Corporation. He alleged in his complaint that Marzano agreed to pay him a five per cent commission and that the sale of the stock having brought $110,000, there was due him the sum of $5,500; that Marzano had tendered him $2,500 in full payment, which he refused to accept, and prayed for judgment for the amount of his claim.

To the complaint of Case, Marzano filed an answer, denying liability.

It further appears that one Morris DeWoskin filed an action in the superior court of Cook county against Fred Rodgers, et al., to recover commissions arising out of the sale of the same stock in the same building corporation. This latter action was transferred by the superior court of Cook county to the circuit court, and on November 22, 1944, the two actions were consolidated for hearing in the circuit court. DeWoskin filed an amended complaint in the consolidated cause, to which he made Fred Rodgers, Marzano and Case defendants and prayed for judgment against them in the sum of $5,000 for the commission allegedly due him on account of the sale of such stock. Marzano answered, denying liability to DeWoskin for any commissions.

On June 8, 1945, Marzano filed a counter complaint and alleged, *inter alia,* that sometime prior to February 15, 1943, plaintiff Case informed him that he might have a purchaser for fifty-one per cent of the outstanding stock of the building corporation, and that if a sale were consummated he was to be paid a commission of $2,500; that subsequently such stock was sold and the commission of $2,500 became payable, which he (Marzano) was ready and willing to pay to the person or persons entitled thereto; that DeWoskin, Rodgers, N. B. McNeill and Eileen Van Guilder claim that they, as cobrokers, are entitled to receive a part of said commission, and because of such asserted claim and so that the defendant would not be subjected to the defense of

other claims, and for a complete determination of the controversy herein, it was necessary that said persons be made parties and that summons issue in the consolidated cases, and prayed that Rodgers, McNeill and Van Guilder be made parties. No affirmative relief against the counter defendants was sought or prayed for in said counter complaint.

In view of the contentions made, it becomes necessary to set forth in chronological order the proceedings appearing in the common-law record. No evidence is presented in this record by any report of proceedings.

On June 26, 1945, Van Guilder entered her appearance, and on September 7, 1945, McNeill entered his appearance. On September 11, 1945, an order of default was entered against Rodgers, Van Guilder and McNeill, as defendants to the counter complaint of Marzano, and directed that the counter complaint be taken as confessed against them. A default was entered against Rodgers, as defendant to the complaint of DeWoskin, and directed that said complaint be taken as confessed.

On September 25, 1945, in the consolidated cause, the court entered a judgment in which it made findings of fact in twelve numbered paragraphs and ordered a judgment to be entered in favor of Case, against Marzano, for $2,400 and no costs; and in favor of DeWoskin, against Marzano, in the sum of $250 and no costs; and in favor of DeWoskin, and against Rodgers, for $5,000 and no costs; and directed that separate executions issue on each of said judgments.

Finding No. 10 in said judgment order set forth that Marzano was not indebted to any other person, firm or corporation for any services rendered or claimed to have been rendered in connection with the sale of the capital stock of the building corporation. Finding No. 12 was to the effect that neither Rodgers, McNeill nor Van Guilder have any claim against Marzano or any person for whom he was acting, or against DeWoskin

or Case, for alleged services rendered in connection with the sale of the stock, and that the only persons entitled to any commissions or compensation for any services rendered or claimed to have been rendered in connection with the sale of said stock are Case and DeWoskin, as set forth in the other findings in said judgment order.

On October 1, 1945, Van Guilder filed a notice and petition to vacate the default entered against her, and on October 5, 1945, McNeill likewise filed a notice and petition to vacate the default entered against him. On November 26, 1945, an order was entered denying the motions of Van Guilder and McNeill to vacate the orders of default, and on the court's own motion the judgment order of September 25, 1945, was amended by striking out findings numbered 10 and 12. On December 6, 1945, on motion made by defendants McNeill and Van Guilder to strike the counter complaint of Marzano, the court entered an order striking said counter complaint as to them and dismissing them as party defendants to said cause.

It is contended that the court was without jurisdiction to enter the order of December 6, 1945, because more than 30 days had elapsed after the entry of the judgment of September 25, 1945. It is also argued that even if the court is deemed to have had jurisdiction, the counter complaint should not have been stricken because it was in the nature of an interpleader and, as a pleading, satisfied all of the elements required of a complaint in the nature of a bill of interpleader.

The first contention is without merit. Within 30 days after the judgment order of September 25, 1945, on notice and petition, a motion was made to vacate the orders of default theretofore entered. The court had jurisdiction to hear and determine the motion. On November 26, 1945, the original judgment order of September 25, 1945, was, by an order entered, amended, by striking out the findings above set forth in para-

graphs numbered 10 and 12. This left the counter complaint undisposed of and unadjudicated as to defendants McNeill and Van Guilder against whom no final judgment had been entered.

There was no appeal from the judgment order of September 25, 1945, nor from the judgment order amending the same. The appeal is only from the order of December 6, 1945, striking the counter complaint, as already noted.

■ There are two classes of interpleaders; one, regarded as pure bills of interpleader, to maintain which the following four elements must exist:

"(1) The same thing, debt or duty must be claimed by both or all the parties against whom the relief is demanded;

"(2) All their adverse titles or claims must be dependent or derived from a common source;

"(3) The person asking the relief, the plaintiff, must not have or claim any interest in the subject-matter; and

"(4) He must have incurred no independent liability to either of the claimants, that is, he must stand perfectly indifferent between them, in the position of a stakeholder." *City Nat. Bank & Trust Co. v. Dunham,* 306 Ill. App. 354, 362 (and cases there cited).

■ By the judgment order of September 25, 1945, not appealed from, the court adjudicated that Marzano had incurred an independent liability to plaintiff Case and to plaintiff DeWoskin for commissions arising out of the sale in question. Therefore Marzano fails to satisfy the fourth element above noted, necessary to successfully maintain a bill of interpleader. *City Nat. Bank & Trust Co. v. Dunham, supra.*

■■ In the other class of interpleaders, a complaint in the nature of a bill of interpleader but not purely a bill of interpleader, must seek affirmative re-

lief against one or more of the parties defendant to the complaint as well as an adjudication as to the claims of some of the other defendants to such complaint, even though no affirmative relief against the latter is sought. This distinction between the two classes of interpleaders is pointed out in *Foerster v. Enzenbacher,* 178 Ill. App. 551, 555. In the instant case, no affirmative relief is sought against any of the defendants to the counter complaint of Marzano. Hence it cannot be regarded as a complaint in the nature of an interpleader. *Foerster v. Enzenbacher, supra.*

The present Practice Act (Smith–Hurd Ill. Stat., ch. 110, par. 149, § 25 [Jones Ill. Stats. Ann. 104.025]) does not change the settled rules of equity governing bills of interpleader. *City Nat. Bank & Trust Co. v. Dunham, supra.*

The appeal by plaintiff Case is wholly without merit. How his interest is affected by the order striking the counter complaint is not shown or argued in plaintiff's brief. He obtained a judgment, from which he did not appeal. His claim was therefore fully adjudicated.

The circuit court was not without jurisdiction to strike the counter complaint, and for the reasons stated the court was correct in striking it. The order of the circuit court is accordingly affirmed.

*Affirmed.*

O'CONNOR, P. J., and NIEMEYER, J., concur.